**PANTAGES THEATER CO. v. LUCAS, Commissioner of Internal Revenue.**

**No. 6101.**

Circuit Court of Appeals, Ninth Circuit.

July 28, 1930.

Joseph D. Brady, of Los Angeles, Cal. (Kingman Brewster, James S. Y. Ivins, and F. E. Youngman, all of Washington, D. C., of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and J. Louis Monarch and John Vaughan Groner, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, and Stanley Suydam, Sp. Atty. Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge.

The sole question presented by the appeal of petitioner from the decision of the Board of Tax Appeals fixing a deficiency tax is as to whether or not the statute of limitations has run. The five-year period had expired, Revenue Act 1921, § 250(d), 42 Stat. 265, but the Commissioner predicated his right to make the assessment upon an agreement in writing, entered into with the taxpayer before that period expired which, under the provisions of the statute, would toll the statute. It is conceded that the taxpayer consented in writing to a later determination. That writing is produced in evidence, is dated within the five-year period, and purports to be signed by the Commissioner. Appellant objected to the introduction of the waiver on the ground that it was not shown affirmatively by the Commissioner that the waiver was signed by the Commissioner within the five-year period. Certain initials appear underneath the signature of the Commissioner, and it is conceded that the signature of the Commissioner was not affixed by him personally. The petitioner contends that, if the signature of the Commissioner was affixed after the expiration of the five-year period, it was ineffective. Joy Floral Co. v. Commissioner Int. Rev., 58 App. D. C. 277, 29 F. (2d) 865.

The only evidence introduced as to the date of the execution of the written consent to postpone the fixing of the tax is the date of the instrument itself, which was within the five-year period, and the fact that the document was stamped as having been received January 17, 1924, in the special assessment section. The document was also stamped "Refer Special Assessment Section." The prima facie presumption is that a contract is signed on the date it bears. Kauffman v. Baillie, 46 Wash. 248, 89 P. 548; Brown Bros. v. Preston Mill Co., 83 Wash. 648, 145 P. 964; Warner v. Warner, 235 Ill. 448, 85 N. E. 630; Jones on Evidence (2d Ed.) § 194, p. 324; 13 C. J. 759. The only evidence tending to overcome this presumption is the fact that the waivers are stamped as having been received in the special assessment section at a later date. There is nothing in this stamped date of receipt to negative the presumption that the waiver was signed on the date it bears, although that date is before it was referred to this section. It is quite possible that this reference was for the purpose of a recommendation as to whether the waiver should be signed by the Commissioner, or it may have been referred to the section to inform that section that the time to make the assessment had been extended. There is no evidence on this subject. A letter from a Deputy Internal Revenue Commissioner was offered in evidence and received without objection, but this letter merely states the fact that the waiver was referred at the time and in accordance with this stamp. The government relies upon the presumption that the official duties of the Internal Revenue Commissioner were properly performed, and upon this basis contends that the presumption involves a finding that the waiver was signed by the Commissioner before the end of the five-year period, if the law required it so to be signed in order to be effective. It is contended, on the other hand, that, inasmuch as the Commissioner had the option to sign or decline to sign the

waiver, there is no presumption flowing from the regular performance of his official duties which would tend to fix the date of the signature of the Commissioner. However, the presumption that official duty has been performed is applicable to such signing of the waiver by the Commissioner in a somewhat different way than appellant claims. It appears that after the receipt of the waiver signed by the taxpayer the appellant proceeded to fix the amount of the deficiency tax. If, as appellant contends, he had no right to do this if the five-year period had expired, a point we do not decide, when he acted upon the theory that the waiver was effective, we should presume that he had signed the waiver, as the law required, within the five-year period. The presumption that the instrument was signed on the date it bears, if somewhat overcome by a subsequent date stamped thereon, is fortified by an even stronger presumption of official duty regularly performed which, because of the subsequent conduct of the Commissioner in fixing the tax, implies that he had signed the waiver and made it effective, if it was a necessary prerequisite to the validity of the tax. The presumption in such a case is thus stated by the Supreme Court, speaking through Mr. Justice Brewer, in Knox County v. Ninth Natl. Bank, 147 U. S. 91, 97, 13 S. Ct. 267, 270, 37 L. Ed. 93: "From these facts it may be presumed that proper notices of the election were given, for it is a rule of very general application that, where an act is done which can be done legally only after the performance of some prior act, proof of the latter carries with it a presumption of the due performance of the prior act." (Citing Bank of United States v. Dandridge, 12 Wheat. 64, 70 [6 L. Ed. 552].)

This presumption was applied in Fletcher v. Hickman (C. C. A.) 136 F. 568, 570, where it was held to overcome the presumption that municipal bonds were issued as dated, where it was shown that preliminary to their issuance the city trustees were required to designate places of posting before bonds were issued and no such designation had been made prior to their date. See, also, Pine Tree Lumber Co. v. Fargo, 12 N. D. 360, 96 N. W. 357; Cyr v. Walker, 29 Okl. 288, 116 P. 931, 35 L. R. A. (N. S.) 795. The same rule would require us to assume that the signature of the Commissioner, although written by another, was personally authorized by him.

Decision affirmed.