**Stanley BLOSENSKI, as Guardian Ad Litem for Peter Blosenski**

**and**

**Peter Blosenski**

**v.**

**SELECTIVE SERVICE LOCAL BOARD NO. 60**

**and**

**Commander Thomas Volatile as Commanding Officer of the U. S. Armed Forces Examination and Entrance Station.**

**Civ. A. No. 71–125.**

United States District Court,
E. D. Pennsylvania.

July 29, 1971.

because he never received his Notice of Classification (SSS Form 110), and was therefore not advised of his right to a personal appearance and to appeal. Secondly, the induction order is claimed to be invalid because the registrant's father, Stanley Blosenski, who was claiming to be a dependent of the registrant, did not receive the Classification Advice Form (SSS Form 111).

Peter Blosenski was classified I–A by Local Board 60 on December 4, 1969. On October 15, 1970, he submitted to Local Board 60 a completed Selective Service System Dependency Questionnaire claiming that his father was dependent on him and seeking a III–A Classification. On November 13, 1970, Local Board 60 reopened plaintiff's Classification, reviewed the entire file, and found that he did not meet the standards required for a III–A Classification. On December 17, 1970, plaintiff received an order to report for induction into the armed forces on January 19, 1971.

■ Plaintiff's claim is that he never received his Notice of Classification (SSS Form 110) after Local Board 60 had denied his request for a III–A Classification. The non-receipt of this notice would have meant that the registrant was not advised of his right to a personal appearance as provided by 32 C.F.R. 1624.1(a). Additionally, the non-receipt of notice of the decision of Local Board 60 with respect to his claim for a III–A Classification would effectively deny him his right to appeal the decision to the state appeal board as provided by 32 C.F.R. 1626. Such a failure to provide a registrant with the opportunity to exercise his right of appeal will invalidate an order to report for induction, and it is on this basis that plaintiff claims his order for induction should be revoked.

■■ The issue presently before the court is therefore the factual determination of whether or not Peter Blosenski received his SSS Form 110. The resolution of this problem must start with the assumption that the board complied with the regulations and properly mailed the

Michael Brodie, Pechner, Sacks, Cantor, Dorfman, Rosen & Richardson, Philadelphia, Pa., for plaintiff.

Louis C. Bechtle, U. S. Atty., Malcolm L. Lazin, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION AND ORDER

HANNUM, District Judge.

Presently before the court is a complaint which seeks injunctive and declaratory relief to prevent defendants from inducting the plaintiff into the armed forces. The plaintiff, Peter Blosenski, claims that his induction order is invalid

Notice of Classification pursuant to the presumption of regularity of the board's actions. United States v. Hulphers, 421 F.2d 1291 (9th Cir. 1969). Any assertion contrary to this presumption must be affirmatively shown. After careful consideration of the evidence produced, we find that plaintiff has not met his burden of proof to show that he did not receive his SSS Form 110. Of prime importance in reaching this conclusion are the facts that there is credible testimony by the Executive Secretary of the local board to the effect that the notice was properly mailed, there is a notation in plaintiff's Selective Service File that the notice was mailed, the notice has never been returned to Local Board 60 although the envelope in which it was mailed bore a return address, and plaintiff has received every piece of correspondence sent to him from Local Board 60 both prior and subsequent to the notification in question. While there may frequently be some doubt remaining when determining a fact of this nature, we find that plaintiff has failed to show by a preponderance of the evidence that he did not receive his Notice of Classification.

■ The plaintiff's second contention is that the induction order is invalid because Local Board 60 failed to comply with 32 C.F.R. 1623.4(b) by not sending a notice of its decision to the registrant's father, Stanley Blosenski. The regulations provide that the local board shall mail a notice of a registrant's classification "to every person who has on file a written request for the current deferment of the registrant". Stanley Blosenski filled out the section of his son's Dependency Questionnaire entitled "Statement of Dependent". In his statement, he set forth those reasons why he felt his son should receive a III–A Classification, and concluded his statement with the phrase, "* * * I therefore request he be granted a III–A Classifi-

cation". Plaintiff contends that this phrase entitled the elder Blosenski to receive a Classification Advice Form (SSS Form 111) because it is a "written request for the current deferment of the registrant" within the meaning of 32 C. F.R. 1623.4(b). Since it is admitted that an SSS Form 111 was never sent to Stanley Blosenski, plaintiff contends that the induction order should be invalidated and the local board be required to follow the prescribed regulation. This court disagrees.

The written statement of Stanley Blosenski is contained in a section of the Dependency Questionnaire which was provided to give the dependent person an opportunity to state any facts which he thought should be brought to the attention of the local board for consideration in determining the classification. It is not a specific request to be notified of the registrant's current classification as envisioned by 32 C.F.R. 1623.4(b). The section also makes allowance for the submission of statements of "* * * physicians, neighbors, friends, relatives, etc., who are familiar with the facts upon which [the] claim is based". Would the induction order be invalid if a person in one of these categories made a statement in the registrant's behalf and then was not notified as to the board's decision on the requested classification? Obviously it would not. However, this is the same type of statement that Stanley Blosenski submitted.

The conclusion of this court is that Stanley Blosenski filed no written request within the meaning of 32 C.F.R. 1623.4(b), nor did he request or submit the Dependency Questionnaire. It was the registrant, Peter Blosenski, who requested, filled out and signed the Dependency Questionnaire.

As we find that there is not merit to plaintiff's complaint, it will be dismissed.