UNITED STATES of America,
Appellant,

v.

Edward J. AHRENS, Appellee.

No. 75–1411.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 10, 1975.

Decided Feb. 17, 1976.

Robert T. Duffy, Atty., Tax Div., Dept. of Justice, Washington, D. C., for appellant.

Robert E. Johnson, U. S. Atty., Sam Hugh Park, Asst. U. S. Atty., Ft. Smith, Ark., Scott P. Crampton, Asst. Atty. Gen., and Gilbert E. Andrews and Leonard J. Henzke, Jr., Washington, D. C., appeared on brief.

R. L. Wommack, Fayetteville, Ark., for appellee.

Before ROSS, STEPHENSON and WEBSTER, Circuit Judges.

ROSS, Circuit Judge.

This suit was brought by the United States against Edward Ahrens to reduce certain unpaid tax assessments to judgment. The amount of unpaid taxes claimed by the government was $152,-151.55 plus interest, for the calendar year 1961. After discovery, the government moved for summary judgment and the taxpayer moved for judgment on the pleadings. The district court denied the government's motion for summary judgment, and granted summary judgment to Ahrens.[1] The government appeals. We reverse and direct the district court to grant summary judgment in favor of the government.

Taxpayer did not contest the substantive merits of the assessment in the court below and does not do so on this appeal. Instead, he contends that the Internal Revenue Service did not comply with established procedures regarding the mailing of the statutory notice of deficiency. The case is made difficult by the fact that all copies of the statutory notice of deficiency have been lost by the parties and cannot be furnished to the court. The government concedes that if the statutory notice of deficiency was invalid for any reason, its claim is barred by the statute of limitations.

In 1961, Ahrens and his former wife resided at 4900 Forrest Ridge Lane, Co-

---

1. The district court's opinion is reported at 394 F.Supp. 531 (W.D.Ark.1975).

lumbia, South Carolina. At that time, taxpayer was an insurance broker employed in the operation of a general insurance agency. Ahrens and his former wife filed a timely joint income tax return for the year 1961 which reflected a total tax due of $7,687.42.[2].

In October, 1962, Ahrens separated from his wife. The marriage was formally dissolved in September, 1964.

In 1965, Ahrens joined the United States Army. He was stationed at Fort Bragg, North Carolina from June, 1965, until September, 1965, at which time he was transferred to Fort Gordon, Georgia. On February 11, 1966, he was transferred to Washington, D.C. for further training. On May 8, 1966, he was assigned to Vietnam, where, with the exception of two furloughs, he stayed until July 26, 1967, at which time he was medically evacuated to Holden Beach, North Carolina. In November, 1967, he was transferred to Washington, D.C. He returned to Vietnam on March 14, 1968, and did not come back to the United States until November 15, 1969.

In November, 1965, Ahrens executed a formal power of attorney to one E. L. McGowan, an attorney from Columbia, South Carolina. In district court, the government claimed that a proper statutory notice of deficiency was mailed to McGowan on June 22, 1966, while Ahrens was in Vietnam. The government also claimed that a copy of the notice was then mailed to Ahrens and his former wife at their Columbia, South Carolina residence, which was designated on their 1961 tax return.

In support of its motion for summary judgment, the government offered Post Office Form 3877, a postal form used routinely by the IRS, which stated that statutory notices of deficiency had been sent by certified mail to Ahrens and McGowan for the years 1959, 1960, 1961, and 1962.[3] The government also offered the deposition testimony of attorney McGowan who stated that he recalled having possession of a notice of deficiency with respect to Ahrens' taxes. McGowan's deposition also reflects the following colloquy:

Q. Do you recall receiving a notice of deficiency sometime around late June or early July concerning Edward Ahrens' tax liability for the year '61?

A. In what year, this year?

Q. No, I'm sorry, in the year 1966 regarding a notice of deficiency.

A. I don't recall it, but I'm sure I did.

The government produced a letter from McGowan to J. Howard McClean, the Acting Chief of the Appellate Branch Office, dated December 29, 1966, in which McGowan acknowledged receipt of a letter dated June 22, 1966, and requested that the case be held in abeyance until Ahrens returned from Vietnam.[4] McGowan admitted the authen-

---

2. The former Mrs. Ahrens was not a party in the court below and is not a party on this appeal.

3. Although only the taxable year 1961 is involved in this case, the notice of deficiency included the years 1959, 1960 and 1962 because the taxpayer incurred a large net operating loss in 1962 which was carried back to offset deficiencies in 1959 and 1960 as well as part of the 1961 deficiency. Since the 1961 deficiency could be determined only after the overassessments for the years 1959 and 1960 were computed, the relevant information respecting those years was sent to the taxpayer.

4. The December 29, 1966, letter reads as follows:

Mr. J. Howard McLean, Acting Chief
Appellate Branch Office
Internal Revenue Service
654 U. S. Court House
801 Broadway
Nashville, Tennessee
      Re: AP:Nash:RHR:LMD
          Edward J. Ahrens and
          Lillian M. Ahrens
Dear Mr. McLean:

In regards to your letter of the 22d day of June, 1966, the taxpayer is serving in Viet Nam and has been there during the entire time since the 22d day of June, 1966. Until the taxpayer returns to this country, I will not be able to discuss with him his rights and therefore request that this case be held in abeyance until such time as he returns.

Immediately upon his return I shall contact your office.

      Respectfully requested,
      /s/ E. L. McGowan
      E. L. McGowan

ticity of the letter in his deposition. The government also offered a "Preliminary Statement", dated August 24, 1964, which indicated the deficiency for the taxpayer's 1961 taxes as well as certain overassessments for the years 1959, 1960 and 1962 not pertinent to our discussion. A formal certificate of assessment, reflecting Ahrens' proposed tax liability, was also offered by the government. It was dated June 7, 1972, and the figures thereon conform to the amount now claimed to be due in this action.

The district court granted summary judgment for the taxpayer on the grounds that the government had produced no admissible evidence tending to show that the notice of deficiency was transmitted and that the notice was valid. On this appeal the government contends that it proved that a valid notice was sent as a matter of law or, alternatively, that its proof created a genuine issue of material fact.

### I. The Notice Requirement—The Statutory Scheme.

The notice requirement of the Internal Revenue Code is set out in 26 U.S.C. §§ 6212 and 6213. If the Secretary determines that there is a deficiency in respect of any income tax, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. 26 U.S.C. § 6212(a). Section 6212(b)(1) provides that notice mailed to the taxpayer at his "last known address" is sufficient notice for purposes of § 6212(a). After the statutory notice is mailed, the taxpayer has 90 days within which to petition the Tax Court for a redetermination. 26 U.S.C. § 6213(a). No collection action may be maintained against the taxpayer until notice has been mailed to the taxpayer and the 90 day period has run and, if a petition has been filed with the Tax Court, until the judgment of the Tax Court has become

final. 26 U.S.C. § 6213(a). The issuance of a statutory notice of deficiency suspends the statute of limitations on assessment and collection of the taxes. 26 U.S.C. § 6503(a)(1). Section 6502(a)(1) allows the government six years after the notice of deficiency is mailed within which to file a collection proceeding to recover the tax assessed.[5]

### II. The Mailing of the Notice.

■ We are satisfied that the government's proof, unrebutted by the taxpayer, established as a matter of law that a notice of deficiency was mailed on June 22, 1966, to attorney McGowan and to Ahrens at his residence listed on the 1961 return. The district court erred in holding that the government failed to prove this fact.

■ The government offered a copy of Post Office Form 3877, which stated that statutory notices of deficiency for 1959, 1960, 1961 and 1962 had been sent to the taxpayer and his designated attorney McGowan. Use of Form 3877 is the recommended procedure for recording the certified mailing of statutory notices of deficiency by paragraph 4462.2 of the Internal Revenue Manual. The form is considered highly probative evidence that the notice of deficiency was sent to the addresses specified. See Anthony B. Cataldo, 60 T.C. 522, 524 (1973), aff'd per curiam, 499 F.2d 550 (2d Cir. 1974); Raymond S. August, 54 T.C. 1535, 1537–1538 (1970). The government was not required to produce an affidavit of the IRS employee who completed the specific form in question. Anthony B. Cataldo, supra, 60 T.C. at 524. Taxpayer does not dispute the fact that the form was prepared in compliance with the Internal Revenue Manual. Thus the form was admissible into evidence as a record of a regularly conducted activity. See 28 U.S.C. § 1732(a); Fed.R.Evid. 803(6).[6]

---

5. The taxpayer does not dispute the fact that, assuming the validity of the notice, the government's action is not barred by the relevant statute of limitations.

6. Section 1732(a), controls the admissibility of the evidence here since judgment was entered before July 1, 1975, the effective date of the

Federal Rules of Evidence. At any rate, neither § 1732(a), nor Fed.R.Evid. 803(6), require personal knowledge of the maker of the record as a condition precedent to its admission into evidence. See S.Rep. 93–1277, U.S.Code Cong. & Admin.News, pp. 7051, 7063–7064 (1974).

The government also produced a letter, written by attorney McGowan to the IRS, in which he specifically referred to the letter of June 22, 1966, and requested that the case be held in abeyance until Ahrens returned from Vietnam. This letter was authenticated by McGowan himself during his deposition and therefore was also an admissible record of a regularly conducted activity. Furthermore, McGowan stated in his deposition that he was certain that he had received a notice of deficiency respecting Ahrens' 1961 taxes. This evidence convincingly corroborates the information contained in Post Office Form 3877. In the absence of any rebuttal evidence in behalf of the taxpayer, we hold that the government proved as a matter of law that the notice of deficiency was mailed.

### III. The Validity of the Notice.

We note initially that the notice was properly mailed to the taxpayer's last known address for purposes of § 6212(b)(1). Under that section, notice is sufficient if it is sent to the address where the Commissioner reasonably believed the taxpayer wished to be reached. *Sorrentino v. Ross*, 425 F.2d 213, 215 (5th Cir. 1970); *Delman v. Commissioner*, 384 F.2d 929, 932 (3d Cir. 1967), *cert. denied*, 390 U.S. 952, 88 S.Ct. 1044, 19 L.Ed.2d 1144 (1968).

The notice was sent to McGowan, who held a duly executed power of attorney to represent Ahrens before the IRS with respect to taxpayer's 1961 income taxes. Such notice has been consistently held sufficient. *See Expanding Envelope & Folder Corp. v. Shotz*, 385 F.2d 402, 404 (3d Cir. 1967); *Delman v. Commissioner, supra*, 384 F.2d at 932; *Kisting v. Commissioner*, 298 F.2d 264, 268–269 (8th Cir. 1962); *Commissioner v. Steward*, 186 F.2d 239, 242 (6th Cir. 1951). At the time the notice was mailed, the taxpayer was in Vietnam. Under the circumstances, the Commissioner was reasonable as a matter of law in concluding that the taxpayer should be notified through his duly authorized attorney. That the taxpayer did not receive actual notice of the deficiency is irrelevant. *See Brown v. Lethert*, 360 F.2d 560, 562 (8th Cir. 1966).

We turn next to the question of the validity of the notice. Neither party can produce a copy of the notice of deficiency; all copies are unavailable. The district court concluded that since the notice was unavailable, the government failed to sustain its burden of proving that a valid notice was sent. We disagree.

The government has proven all of the elements of proper notice except the contents of the 90 day letter itself. The evidence offered by the government, discussed *supra*, conclusively established that a notice of deficiency was properly mailed on June 22, 1966. The certificate of assessment shows that an assessment of deficiency was made by the IRS on October 14, 1966, shortly after the 90 day appeal period had run, respecting the taxpayer's 1961 taxes and in the amounts now claimed due. The first demand for payment was sent two weeks later. The notice letter was mailed by the proper representative of the IRS, J. Howard McClean, the Acting Chief of the Appellate Branch Office. McGowan's letter of December 29, 1966, was addressed to McClean and referred to " * * * your (McClean's) letter of the 22d day of June, 1966 * * *."

In our view, the presumption of official regularity controls the question of the validity of the notice of deficiency.

> The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.

*United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14–15, 47 S.Ct. 1, 6, 71 L.Ed. 131 (1926). A corollary to the general rule may be stated as follows:

> * * * [A]ll necessary prerequisites to the validity of official action are presumed to have been complied with, and * * * where the contrary is asserted it must be affirmatively shown.

*Lewis v. United States,* 279 U.S. 63, 73, 49 S.Ct. 257, 260, 73 L.Ed. 615 (1929).

Our research discloses no cases directly in point. Nevertheless, analogous authority supports the conclusion we reach.

In *United States v. Lorson Electric Co.,* 480 F.2d 554 (2d Cir. 1973), the government sued to foreclose two tax liens on property of a taxpayer which was in possession of a judgment creditor, Lorson Electric Company. The IRS had filed a "Notice of Federal Tax Lien" in district court for each of the respective assessments. Subsequently, Lorson obtained a default judgment against the taxpayer and successfully levied on the property. Lorson argued that the government failed to prove a demand for payment of the tax as required by federal law. The government offered a Form 899 Certificate of Assessment which showed that the required notice was sent, but did not show the requisite demand for payment. The Second Circuit held that the requisite demand could be presumed from the circumstances. The court stated:

> If Form 899 is competent to show that notice was sent, it seems entirely proper to infer, as did [the district judge], that such notice included a demand for payment as a matter of course.

*Id.* at 556.

In *R. H. Stearns Co. v. United States,* 291 U.S. 54, 54 S.Ct. 325, 78 L.Ed. 647 (1934), taxpayer sued the government for a refund of taxes alleged to have been overpaid for the calendar year 1917. The taxpayer attacked the validity of a waiver of the statute of limitations, executed years before, arguing that since the Commissioner had not signed the waiver form as required by a federal statute, collection of the amount due was barred by the limitations period. In reliance upon the waiver, certain overassessments made in subsequent taxable years were credited against the amount due in 1917 after the limitations period had run. Since the taxpayer failed to show that the Commissioner did not approve the waiver in writing, the Court applied the presumption of official regularity.

> * * * [T]he presumption of official regularity was sufficient to sustain the inference that the Commissioner on his side had done whatever was appropriate to give support to his own act and thus validate the credit. Acts done by a public officer "which presuppose the existence of other acts to make them legally operative, are presumptive proofs of the latter." No doubt the presumption of regularity is subject to be rebutted. It stands until dislodged. (Citations omitted.)

*Id.* at 63, 54 S.Ct. at 328.[7] *See also Rankin v. Hoyt,* 45 U.S. (4 How.) 327, 11 L.Ed. 996 (1846).

In the instant case it would be unreasonable to presume that the IRS employee who drafted the statutory notice failed to perform the ministerial function of properly recording the assessed amount and the taxable year involved.[8] All other steps in the notification process were properly accomplished. In the absence of any rebuttal proof, we are bound to presume the validity of the

---

7. The presumption of official regularity has been applied in a myriad of other contexts. *See, e. g., Samuel G. Robinson,* 57 T.C. 735, 737 (1972); *Perlmutter v. Commissioner,* 373 F.2d 45, 46 (10th Cir. 1967); *Page v. Lafayette Worsted Co.,* 66 F.2d 339, 342 (1st Cir.), *cert. denied,* 290 U.S. 692, 54 S.Ct. 127, 78 L.Ed. 596 (1933); *Pantages Theater Co. v. Commissioner,* 42 F.2d 810, 812 (9th Cir.), *cert. denied,* 282 U.S. 890, 51 S.Ct. 102, 75 L.Ed. 784 (1930); *Blosenski v. Selective Service Local Board,* 330 F.Supp. 1188, 1189–1190 (E.D.Pa.1971); *United States v. Hulphers,* 421 F.2d 1291, 1292 (9th Cir. 1969); *Lewis v. United States,* 279 U.S. 63, 73, 49 S.Ct. 257, 73 L.Ed. 615 (1929).

8. Concededly, our analysis in this unfortunate situation rests upon probabilities, not certainties. But as Professor McCormick has stated:

> Most presumptions have come into existence primarily because the judges have believed that proof of fact B renders the inference of the existence of fact A so probable that it is sensible and time-saving to assume the truth of fact A until the adversary disproves it. (Footnote omitted.)

McCormick, Law of Evidence 807 (2d ed. 1972).

contents of the statutory notice of deficiency.[9]

Taxpayer argues that he was denied due process of law because he was effectively denied an opportunity to present the merits of his case to the Tax Court. We reject this argument since the taxpayer was given every opportunity in the district court to present the merits of the case in order to affirmatively avoid the Commissioner's collection claim. *See Brown v. Lethert, supra,* 360 F.2d at 562. Indeed, the taxpayer was not even required to pay the amount assessed since he was the defendant in the court below.

The judgment of the district court is reversed and the case is remanded with directions that summary judgment be entered in favor of the government.

---

**9.** Our disposition makes unnecessary consideration of the government's argument that the initial burden of proof rested with the taxpayer to prove the validity of the notice of deficiency. Even assuming, without deciding, that the initial burden of proof rested with the government, the presumption shifted the burden of going forward with the evidence to the taxpayer. *See Breeden v. Weinberger,* 493

F.2d 1002, 1006 (4th Cir. 1974); McCormick, *supra,* at 821; *see also* Fed.R.Evid. 301. Since the taxpayer produced no evidence rebutting the presumption, the only permissible inference from the circumstances is that the notice of deficiency was valid. We hold that the district judge was required to draw that inference as a matter of law.