GERALD P. ADAIR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Adair v. Commissioner
Docket No. 778-85.
United States Tax Court
T.C. Memo 1986-137; 1986 Tax Ct. Memo LEXIS 473; 51 T.C.M. (CCH) 803; T.C.M. (RIA) 86137; April 7, 1986. Michael W. Thom, for the petitioner. David G. Hendricks, for the respondent. FEATHERSTON
*474 MEMORANDUM OPINION FEATHERSTON, Judge: Respondent's motion to dismiss for lack of jurisdiction was assigned to Special Trial Judge Joan Seitz Pate for hearing, consideration, and ruling thereon. [1] After a review of the record, we agree with and adopt her opinion which is set forth below. PATE, Special Trial Judge: Respondent determined a definciency in petitioner's 1979 Federal income tax of $85,146.37 and additions to tax under sections 6651(a)(1) and 6653(a)(1) of $13,684.20 and $4,257.32, respectively. [2] Respondent has moved to dismiss for lack of jurisdiction on the grounds that the petition was not filed within the time prescribed by law. Petitioner has also moved to dismiss for lack of jurisdiction alleging that respondent failed to properly mail or deliver the notice of deficiency thereby rendering it invalid. In addition, he asks that we determine that the statute of limitations expired prior to the time petitioner received actual notice. Alternatively, petitioner asks us to extend the time for filing a petition with this Court to 90 days after the date the *475 petitioner actually received the notice of the deficiency. A ruling in favor of petitioner on this argument would result in our having jurisdiction to determine this case on its merits. Petitioner, Gerald P. Adair, was a resident of Oklahoma City, Oklahoma at the time his petition was filed. He was primarily engaged in the restaurant business. At all times relevant to this litigation, he maintained an office for Adair, Inc. at Northeast 63rd Street, Oklahoma City, Oklahoma 73111 (hereinafter "the 63rd Street address"). Petitioner used this address when he filed his 1979 income tax return, which respondent received on October 28, 1981. He has also used this address on all subsequent communications with respondent. The parties have stipulated that this was petitioner's "last known address." Petitioner originally was contacted by respondent with regard to auditing his 1979 income tax return. He was requested to supply copies of his 1980 and 1981 income tax returns for a meeting *476 between his accountant and respondent. When petitioner failed to provide copies of the returns, respondent ended the meeting. [3] Subsequently, petitioner received two "30-day letters", both dated July 14, 1983, one for his 1979 income tax return, and the other for his 1980 and 1981 income tax returns. On March 19, 1984 respondent sent petitioner a notice of deficiency for 1979 by certified mail addressed to the 63rd Street address. Although this was petitioner's correct address, the Postal Service returned it to respondent on April 4, 1984 as "unclaimed." According to notations on the envelope, first and second notices of attempted delivery had been issued by the Postal Service on March 20, 1984 and March 28, 1984. Petitioner never received either of the notices of attempted delivery or the original notice of deficiency for 1979. On July 31, 1984, respondent *477 sent petitioner by certified mail a notice of deficiency for 1980 and 1981 which petitioner did receive in the normal course of mail delivery. Although petitioner felt uneasy about receiving a deficiency notice for 1980 and 1981 but not 1979, he did not make any inquiries of respondent. [4]
On August 27, 1984, respondent sent petitioner a statement reflecting the deficiency assessment for 1979. After questioning this statement, petitioner received a letter from respondent dated November 7, 1984 with which respondent included a copy of the deficiency notice. This was the first time that petitioner saw the 1979 notice of deficiency. On January 10, 1985, a petition was filed with this Court contesting respondent's determination for 1979. Petitioner contends that he failed to receive the notice of deficiency because the Postal Service did not properly handle the letter. Mail addressed to the 63rd Street address is delivered to a mail box located approximately one block from the office maintained by petitioner. An employee regularly picks *478 up the mail at the box and when a notification of attempted delivery of certified mail is received, the letter is picked up at the post office the following day. The employee who handled the mail during March 1984 testified that she did not remember receiving any certified mail notices on either March 20 or March 28, 1984. During this period of time, neither petitioner nor any of Adair, Inc.'s employees refused delivery of any type of mail. Petitioner alleges that the evidence shows that the Postal Service mishandled the letter. Therefore, he argues that the notice of deficiency is not valid because it was not properly "mailed" as required by the statute. Respondent contends that the notice of deficiency was properly mailed to petitioner's last known address, that it is valid regardless of actual receipt, and that, since the petition was not filed within 90 days of that mailing, this Court does not have jurisdiction to hear this case. [5]
It is well *479 settled that both a valid notice of deficiency and a timely filed petition are necessary to maintain an action in this Court. Secs. 6212 and 6213; e.g., Pyo v. Commissioner,83 T.C. 626, 632 (1984); Mollet v. Commissioner,82 T.C. 618, 623 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985); Keeton v. Commissioner,74 T.C. 377, 379 (1980). A valid notice of deficiency has been issued if it was mailed to the taxpayer's last known address by certified or registered mail. Sec. 6212(a) and (b)(1); sec. 301.6212-1(a) and (b), Proced. & Admin. Regs. Since the parties have stipulated that respondent sent the notice of deficiency to petitioner's last known address, we need only determine whether it was properly "mailed." To constitute a sufficient mailing, the notice must have been duly deposited with the Postal Service, and sent by certified or registered mail. Sec. 6212(a); Cataldo v. Commissioner,60 T.C. 522, 524 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974). Respondent fulfilled all of these requirements. Nonetheless, petitioner argues that the notice of deficiency *480 was not properly "mailed" because he did not receive it due to Postal Service mishandling, citing Estate of McKaig v. Commissioner,51 T.C. 331 (1968), in support of his argument. In that case we held that although the deficiency notice as initially mailed may have been proper, the mailing was not completed because the notice had been diverted by the Postal Service and respondent knew or had reason to know of it. However, respondent maintains that in the instant case the documentary evidence shows that the Postal Service properly handled the 1979 notice of deficiency and, therefore, petitioner's failure to receive the letter must have been the fault of Adair, Inc.'s employees. We have reviewed the record carefully and find that neither party has proved what happened to the letter. The evidence simply does not show whether the fault for the letter's not reaching petitioner lies with the employees of the Postal Service, Adair, Inc., some unknown third party or a combination thereof. Moreover, at this late date, we doubt whether either party could ascertain with any certainty just what happened to the letter. Therefore, we are faced with the issue of whether a *481 valid notice of deficiency has been issued when the respondent delivers to the Postal Service a properly addressed notice and when petitioner does not receive the letter and does not have any actual knowledge of the deficiency prior to the expiration of the 90 day filing period. Congress enacted section 6212(b)(1) as a safe harbor to protect the Commissioner where actual notice is not given. Mulvania v. Commissioner,81 T.C. 65, 68 (1983); Frieling v. Commissioner,81 T.C. 42, 52 (1983). Thus, if respondent follows the procedure set forth in section 6212, without more, the notice of deficiency is valid even if the taxpayer never receives it. E.g., Berger v. Commissioner,404 F.2d 668 (3d Cir. 1968), affg. 48 T.C. 848 (1967); DeWelles v. United States,378 F.2d 37, 39 (9th Cir. 1967), cert. denied 389 U.S. 996 (1967); Brown v. Lethert,360 F.2d 560, 562 (8th Cir. 1966); Frieling v. Commissioner,supra at 52; Lifter v. Commissioner,59 T.C. 818, 820-821 (1973). We have carefully examined the cases cited by both parties and find that *482 the facts in Lewin v. Commissioner,T.C. Memo. 1976-355, affd. per curiam 569 F.2d 444 (7th Cir. 1978), cert. denied 437 U.S. 904 (1978), are similar to the facts in this case. In evaluating those facts, the Seventh Circuit reasoned that-- we can find no evidence of diversion from proper mailing procedure in this instance. * * * To assert that respondent, having once properly mailed notice to the taxpayer, has a further duty of providing actual notice before expiration of the 90-day statutory period is clearly contrary to the statute and prior decisions of this Court. * * * [569 F.2d at 447-448.] Lewin is distinguishable, however, because the Court of Appeals found that "[p]roper mailing was effected and would have been completed but for petitioners' failure to claim the letter at the post office." 569 F.2d at 447. We do not so find in this case. As stated earlier, the evidence simply does not establish why petitioner did not receive the letter. However, as we noted in Zenco Engineering Corp. v. Commissioner,75 T.C. 318, 323 (1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981) *483 -- There is a strong presumption in the law that a properly addressed letter will be delivered, or offered for delivery, to the addressee. United States v. Ahrens, [530 F.2d 781 (8th Cir. 1976)]; Cataldo v. Commissioner,supra;August v. Commissioner, [54 T.C. 1535 (1970)]. Any other rule would impose unwarranted requirements upon respondent and would render meaningless the plain language of section 6212(b)(1) * * *. Since petitioner failed to overcome this presumption, we find that respondent mailed a valid notice of deficiency to petitioner on March 19, 1984, after which petitioner had 90 days to file his petition with this Court. Since the petition herein was not filed until January 10, 1985, it was not timely, and respondent's motion to dismiss for lack of jurisdiction under section 6213(a) must be granted. Shipley v. Commissioner,572 F.2d 212 (9th Cir. 1977), affg. a Memorandum Opinion of this Court. Having sustained respondent's motion to dismiss for lack of jurisdiction, we cannot consider petitioner's "statute of limitations" argument. This is an affirmative defense to the determined deficiency *484 which we could decide only if we had jurisdiction. Rule 39; see Frieling v. Commissioner,supra.
Further, this Court has no authority to grant petitioner's motion to extend the 90-day period for filing a petition, "whatever the equities of a particular case may be and regardless of the cause for its not being filed within the required time period." Axe v. Commissioner,58 T.C. 256, 259 (1972). Petitioner is not, however, without adequate remedy or deprived of due process. He can pay the amount assessed, file a claim for refund and if the claim is denied, institute an action in the United States District Court or the United States Claims Court for recovery of any amount paid in excess of his lawful tax. Brown v. Lethert,supra at 562. An appropriate order will be entered.
Footnotes
1. This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. At trial, we deferred ruling on the relevancy of a letter from petitioner's accountant to petitioner's attorney regarding respondent's audit of the income tax returns. We now rule that this letter is irrelevant to the issue in this proceeding, and, therefore, is inadmissible. Fed. R. Evid. 402↩.
4. A separate petition has been filed contesting respondent's determinations for 1980 and 1981 and those years are not at issue in this case.↩
5. This Court has jurisdiction to determine whether we have jurisdiction. Pyo v. Commissioner,83 T.C. 626, 632 (1984); Brannon's of Shawnee, Inc. v. Commissioner,69 T.C. 999, 1002↩ (1978).