BENJAMIN AND BEATRICE RIVERA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rivera v. Commissioner
Docket No. 16062-89
United States Tax Court
T.C. Memo 1991-174; 1991 Tax Ct. Memo LEXIS 195; 61 T.C.M. (CCH) 2420; T.C.M. (RIA) 91174; April 16, 1991, Filed *195 Robert D. Grossman, Jr., for the petitioners. David Click, for the respondent. FAY, Judge. PETERSON, Chief Special Trial Judge. FAY
MEMORANDUM OPINION This case has been assigned to Chief Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7443A(b) of the Internal Revenue Code and Rules 180, 181 and 182. All section references are to the Internal Revenue Code, as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the Chief Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE This case is before the Court on cross-motions by the parties to dismiss for lack of jurisdiction. Respondent has moved to dismiss for lack of jurisdiction on the ground that the petition was not timely filed. Petitioners have moved to dismiss for lack of jurisdiction on the ground that respondent did not mail a notice of deficiency to petitioners; and, in the alternative, that if a notice of deficiency was mailed to petitioners it was not mailed to the last known address of petitioner Beatrice Rivera. Respondent alleges that *196 a notice of deficiency was mailed on July 11, 1988, to petitioners at 7201 Flower Avenue, Takoma Park, Md., 20912-6436, for the taxable year 1984. Petitioners allege that they did not receive a notice of deficiency for the taxable year 1984. Further, petitioner Beatrice Rivera alleges that at the time the alleged notice of deficiency was mailed, her last known address was 813 Forston Street, Takoma Park, Md., 20912-7333, and not 7201 Flower Avenue where the notice was allegedly mailed. During 1988, petitioners received a notice of tax due from the Internal Revenue Service for income taxes due for the year 1984. Prior to receiving the notice of tax due petitioners contend that they were unaware of the tax assessment. On December 28, 1988, petitioner Benjamin Rivera (hereinafter petitioner or Mr. Rivera) contacted the Internal Revenue Service to clarify the assessment. Petitioner was informed that a notice of deficiency had been issued for the year 1984, on July 11, 1988, and since no petition had been filed in the Tax Court the assessment was made. Petitioner requested a copy of the notice which was received sometime during March, 1989. Petitioners filed a petition in this *197 Court on July 3, 1989. The parties contend that we do not have jurisdiction, because either the petition was not timely filed, or a notice of deficiency was not mailed to petitioners. As to petitioner Beatrice Rivera, it is further contended that, even if a notice of deficiency was mailed, it was not mailed to her last known address. As a result of petitioner's meeting with the Internal Revenue Service on December 28, 1988, petitioner requested that the case be reopened and that he be able to meet with an agent to review the 1984 income tax return. The Internal Revenue Service agreed to perform an audit and issued a stop payment on the collection of the assessed 1984 income taxes. It is the practice of the Internal Revenue Service to consider a taxpayer's request for review of an assessment in those cases where a taxpayer does not respond to a notice that his tax return has been selected for examination. In the instant case, petitioners were mailed such a letter on August 21, 1986, but failed to respond to the letter or keep a scheduled appointment made to examine the 1984 income tax return. Pursuant to Internal Revenue Service procedures a proposed examination change report *198 was issued to petitioners on April 2, 1987. The letter gave petitioners 30 days to respond to the proposed adjustments made to the 1984 income tax return. Petitioners did not respond to the proposed examination change report. When a taxpayer fails to respond to such a letter, the case is closed and a notice of deficiency is mailed to the taxpayer. The records of the Internal Revenue Service show that Postal Service Form 3877 was prepared indicating that a notice of deficiency was mailed to petitioners at 7201 Flower Avenue, Takoma Park, Md., 20912-6436, on July 11, 1988. The records of the Internal Revenue Service also contain a copy of the notice of deficiency allegedly mailed to petitioners on July 11, 1988. As a result of petitioners' request to review the 1984 income tax assessment, respondent agreed to reopen the case for further audit. Respondent requested petitioners to furnish certain information concerning the deductions claimed on the 1984 income tax return. After reviewing information provided by petitioners, respondent issued a report on August 18, 1989, showing the results of the audit. In addition, a supplemental report was issued on September 12, 1989, because *199 petitioners furnished additional information concerning certain adjustments made by the auditor. On October 4, 1989, a revised report was issued by the Internal Revenue Service, and, a final report was issued on February 16, 1990. Petitioners' primary contention is that respondent failed to mail a notice of deficiency to petitioners. Petitioners have no recollection of receiving the notice of deficiency, dated July 11, 1988, and contend that they did not become aware of the notice of deficiency until the Internal Revenue Service began proceedings to collect the tax. They do not argue that a notice of deficiency must be received by a taxpayer to be valid if it is mailed to his last known address. Pyo v. Commissioner, 83 T.C. 626, 632 (1984). Petitioners agree that there is a presumption of official regularity which would generally support respondent's contention that he followed the standard procedure of preparing and mailing the notice of deficiency. United States v. Ahrens, 530 F.2d 781 (8th Cir. 1976); Pietanza v. Commissioner, 92 T.C. 729 (1989). However, petitioners contend that the presumption is rebutted by *200 the irregularity of respondent's audit. Petitioners point out that the various audit reports of petitioners' 1984 income tax return make no reference to the alleged notice of deficiency which is inconsistent with respondent's argument that the audit conducted was a re-audit rather than the original audit as contended by petitioners. They argue that this fact supports their contention that the notice of deficiency was never mailed because any re-audit would have made reference to the original audit. Respondent contends that the subsequent audit was authorized to give petitioners an opportunity to provide information to support the Schedule C loss claimed on their return since petitioners had not responded to the initial audit request before the notice of deficiency was issued. Petitioners have not convinced us of any irregularity in respondent's audit. It was reasonable, in this situation, for respondent to agree to review the adjustments made in the notice of deficiency. Further, petitioners are in error when they state that the reports do not refer to the notice of deficiency dated July 11, 1988. The notice of deficiency shows the "tax as shown on return" as zero and the "corrected *201 tax" as $ 13,495. The supplemental report dated September 12, 1989, specifically ties-in the notice of deficiency. Line H "Tax shown on return or as previously adjusted" shows the amount as $ 13,495, the same amount shown on the notice of deficiency, and not zero, the amount reported on the return. The revised audit report dated October 4, 1989, which states it supersedes the report dated September 12, 1989, also refers to the previous adjustment to tax as $ 13,495, as does the final audit report dated February 16, 1990. Accordingly, there is no doubt that the audit was conducted after the notice of deficiency was issued, and that the audit was a re-audit. The Court also finds that the notice of deficiency was mailed to petitioners on July 11, 1988. We base this conclusion on the existence of Postal Service Form 3877 which shows that a notice of deficiency was mailed to petitioners on July 11, 1988, in addition to the existence of a copy of the notice of deficiency maintained in respondent's records. United States v. Ahrens, supra at 784; Pietanza v. Commissioner, supra; Pietanza v. Commissioner, T.C. Memo 1990-524. Accordingly, *202 the notice of deficiency dated July 11, 1988, is valid. Petitioners' alternative argument is that the notice of deficiency was not mailed to the last known address of petitioner Beatrice Riveria. Petitioners contend that when the notice of deficiency was mailed to Mrs. Rivera, her last known address was 813 Forston Street, Takoma Park, Md., 20912-7333. Respondent maintains that her last known address was 7201 Flower Avenue, Takoma Park, Md., 20912-6436, the address shown on petitioners' most recently filed income tax return at the time the notice of deficiency was mailed. This was also the address used on the notice of deficiency mailed to petitioners on July 11, 1988. For the purpose of determining whether a notice of deficiency has been properly mailed to the taxpayer's last known address we look to that address which appears on the taxpayer's most recently filed return, unless respondent has been given clear and concise notification of a different address. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988). Petitioners have failed to show that Mrs. Rivera gave such notice to the Internal Revenue Service. The records of the Internal Revenue Service show *203 no such request and petitioners failed to introduce any credible evidence to support their contention that such a notice was mailed to respondent. Petitioners admit that 7201 Flower Avenue has always been used for their tax and other business matters even though petitioners resided at 813 Forston Street. Further, Mr. Rivera always took care of tax and business matters for both himself and Mrs. Rivera at the Flower Avenue address. As such there would be no reason for Mrs. Rivera to request the Internal Revenue Service to use a different address. Accordingly, we conclude that the notice of deficiency issued on July 11, 1988, was mailed to Mrs. Rivera's last known address. To reflect the foregoing, An appropriate order will be issued.