T.C. Summary Opinion 2006-129


UNITED STATES TAX COURT


WARREN L. OWENS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10766-04S.               Filed August 22, 2006.


Warren L. Owens, pro se.

<u>A. Gary Begun</u>, for respondent.


WHERRY, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment under Rule 121.[1]  The petition was filed pursuant to the provisions of section 7463. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  The instant

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

proceeding arises from a petition for judicial review filed in response to a Determination Letter Concerning Collection Action(s) Under Section 6320 and/or 6330.  The issue for decision is whether respondent may proceed with collection action as so determined.

## Background

On September 25, 1998, the Internal Revenue Service (IRS) sent to petitioner a letter indicating that the agency had no record of receiving Federal income tax returns from petitioner for 1991, 1994, 1995, and 1996, and proposing taxes and penalties or additions to tax based upon records received from third-party payers.  The letter was sent to 12079 Plainview, Detroit, MI 48228, and invited a response from petitioner within 30 days. The letter listed "Stop 822 M. HOWARD" as the IRS person to contact.  On or about November 23, 1998, the IRS received from petitioner a copy of a Form 1040, U.S. Individual Income Tax Return, for 1992.  The address shown on the Form 1040 and the return address on the envelope in which it arrived was 12079 Plainview, Detroit, MI 48228.  Enclosed with the return was a note from petitioner directed to "STOP 822 M. HOWARD" stating: "THIS A COPY OF THE ORIGINAL TAX FILED IN 1996.  I AM SENDING 91, 93, 94, 95, & 96".  Petitioner's signature on the Form 1040, and that of the return preparer, was dated September 27, 1996.

- 3 -

A notice of deficiency for 1991 was thereafter issued to petitioner and was sent by certified mail to 12079 Plainview, Detroit, MI 48228-1070792, on December 1, 1998. The notice reflected an income tax deficiency in the amount of $8,329.10 for 1991 and additions to tax under sections 6651(a) and 6654(a) of $877.53 and $169.99, respectively. Petitioner did not file a petition with this Court in response to the notice of deficiency, and respondent assessed the corresponding taxes, additions to tax, and interest for 1991 on June 21, 1999. A notice of balance due was sent to petitioner on that date, as well as on July 26, 1999, and September 24, 2001.

On September 18, 2002, the IRS issued to petitioner a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to his 1991 liabilities. The notice was sent by certified mail to an address in Romulus, Michigan. In response, petitioner submitted to the IRS a timely Form 12153, Request for a Collection Due Process Hearing, expressing his disagreement as follows: "I have filed 1991 return your computer is not correct".

A face-to-face hearing between petitioner and the settlement officer to whom his case had been assigned was held on March 10, 2004. Following the hearing, on May 21, 2004, the aforementioned determination letter sustaining the proposed levy action was

issued.  An attachment to the determination contained the following explanation:

> In your request for a hearing under IRC Section 6330 you disagreed with the proposed levy action because you filed Form 1040 1991 and the liability assessed is incorrect.  During the hearing you stated that you timely filed your Form 1040 1991 but never received your refund.
>
> During the hearing the liability was reviewed and discussed.  The disallowed claim was reviewed with you. You stated you did not file a Form 1040A for 1991.  You provided a copy of your Form 1040 for 1991.  Since you indicated that you did not recall receiving the Statutory Notice of Deficiency, which our records verify was mailed certified to you on December 1, 1998, you were provided with an opportunity to present information for reconsideration of the liability and any proof of timely filing the return.  No information was presented by the March 24, 2004 deadline to reconsider the liability and there has been no information received to date.  The audit reconsideration procedures were explained to you and you were provided with Publication 3598, The Audit Reconsideration Process.
>
> Also during the hearing, you were informed that collection alternatives could not be considered since you are not in compliance with the tax filing requirements.
>
> There were no relevant challenges to the appropriateness of the proposed collection action.
>
> No other issues were raised.

Petitioner filed a petition and amended petition with this Court disputing the notice of determination on June 18 and July 20, 2004, respectively, each of which reflected an address at 11347 Gabriel, Romulus, MI 48174.  The request for relief proffered in the amended petition read:

The IRS lost my 1991 tax return.  I sent a copy of the 1991 tax return in 1993.  At that time I asked about the 1989, & 1990 tax return, because I was due a small return.  Also, the IRS took money from my account for my 1993 taxes.  I sent a copy of my 1993 tax return showing the IRS that they were wrong again.

Respondent filed the instant motion for summary judgment on December 3, 2004, and petitioner filed an objection thereto on April 21, 2005.  Attached to the objection petitioner included, inter alia, a copy of a computerized printout for Form 1040 for 1991, bearing a signature for petitioner dated March 28, 1992.  The return reflects total tax of $4,348, withholding of $4,819, and a refund amount of $471.  A hearing was held on respondent's motion on June 7, 2005.  Both petitioner and respondent appeared and were heard, and the motion was taken under advisement.

## Discussion

Rule 121(a) allows a party to move "for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy."  Rule 121(b) directs that a decision on such a motion shall be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."

The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he or she is entitled to judgment as a matter of law.  Sundstrand Corp. &

Subs. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  Facts are viewed in the light most favorable to the nonmoving party.  Id.  However, where a motion for summary judgment has been properly made and supported by the moving party, the opposing party may not rest upon mere allegations or denials contained in that party's pleadings but must by affidavits or otherwise set forth specific facts showing that there is a genuine issue for trial.  Rule 121(d).

I.  Collection Actions--General Rules

Section 6331(a) authorizes the Commissioner to levy upon all property and rights to property of a taxpayer where there exists a failure to pay any tax liability within 10 days after notice and demand for payment.  Sections 6331(d) and 6330 then set forth procedures generally applicable to afford protections for taxpayers in such levy situations.  Section 6331(d) establishes the requirement that a person be provided with at least 30 days' prior written notice of the Commissioner's intent to levy before collection may proceed.  Section 6331(d) also indicates that this notification should include a statement of available administrative appeals.  Section 6330(a) expands in several respects upon the premise of section 6331(d), forbidding collection by levy until the taxpayer has received notice of the opportunity for administrative review of the matter in the form of a hearing before the IRS Office of Appeals.  Section 6330(b)

grants a taxpayer who so requests the right to a fair hearing before an impartial Appeals officer.

Section 6330(c) addresses the matters to be considered at the hearing:

> SEC. 6330(c). Matters Considered at Hearing.--In the case of any hearing conducted under this section--
>
> (1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.
>
> (2) Issues at hearing.--
>
> (A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
>
> (i) appropriate spousal defenses;
>
> (ii) challenges to the appropriateness of collection actions; and
>
> (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.
>
> (B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Once the Appeals officer has issued a determination regarding the disputed collection action, section 6330(d) allows

the taxpayer to seek judicial review in the Tax Court or a District Court, depending upon the type of tax. In considering whether taxpayers are entitled to any relief from the Commissioner's determination, this Court uses the following standard of review:

> where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis. However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. [Sego v. Commissioner, 114 T.C. 604, 610 (2000).]

II. Analysis

A. Review of Underlying Liabilities

Petitioner's position throughout this proceeding has been that the liability the IRS is proposing to collect for 1991 is incorrect. Rather, petitioner maintains that his liability is more accurately reflected in the Form 1040 he allegedly filed for 1991, which reflected an overpayment of $471. Respondent asserts to the contrary that petitioner is precluded from challenging his underlying liability and has raised no other issues establishing an abuse of discretion.

As previously indicated, section 6330(c)(2)(B) permits taxpayers to challenge the underlying liability in a collection proceeding only where they did not receive a notice of deficiency or otherwise have a prior opportunity to dispute the liability. A notice of deficiency for 1991 was sent to petitioner at 12079

Plainview, Detroit, MI 48228-1070792, on December 1, 1998. On or about November 23, 1998, the IRS had received from petitioner a copy of a Form 1040 for 1992, and both the return and the envelope in which it arrived reflected the Plainview address. Petitioner also stated at the hearing on respondent's motion that he moved from the Plainview address in 1999 or 2000. Thus, the evidence shows that the notice of deficiency was sent in a manner in compliance with, and valid under, section 6212 and corresponding regulations, requiring that a notice of deficiency be sent to a taxpayer's last known address. See sec. 6212(a) and (b)(1).

However, section 6330(c)(2)(B) focuses upon receipt of the notice of deficiency. During the administrative proceedings, petitioner apparently indicated that he "did not receive" or "did not recall receiving the Statutory Notice of Deficiency". He was therefore provided with an opportunity to present information for reconsideration of the liability but submitted no substantiating materials by a deadline established for that purpose. At the hearing on respondent's motion, following a lengthy explanation from the Court regarding certified mail procedures, petitioner never expressly denied receiving either (1) notification of a certified letter to be claimed or (2) the notice of deficiency itself. He merely stated that the IRS had been unable to "give *

* * [him] a copy of who signed for it".[2]  Additionally, the note enclosed with the copy of petitioner's 1992 return and directed to "STOP 822 M. HOWARD" suggests that petitioner received other IRS communications sent to the Plainview address, specifically the September 25, 1998, letter.

In general, absent clear evidence to the contrary, compliance with certified mail procedures raises a presumption of official regularity in delivery and receipt with respect to notices sent by the Commissioner.  United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984); United States v. Ahrens, 530 F.2d 781, 784-785 (8th Cir. 1976); Clough v. Commissioner, 119 T.C. 183, 187-188 (2002); Sego v. Commissioner, supra at 610-611.  Furthermore, taxpayers are not permitted to defeat actual receipt by deliberately refusing delivery of a statutory notice.  Sego v. Commissioner, supra at 610-611.  Suffice it to say that the evidence here is far from convincing regarding petitioner's nonreceipt of the notice of deficiency.  Petitioner would reasonably be considered in these circumstances to have forfeited his opportunity to contest the notice of deficiency in this Court and likewise now to be precluded from challenging his underlying liability in this proceeding.

---

[2] In this connection, we also note that although the order setting respondent's motion for hearing was sent to petitioner by certified mail on May 6, 2005, petitioner apparently did not pick up the letter until May 31, 2005.

Nonetheless, even if petitioner were entitled to contest his underlying liabilities at this juncture, he has at no time offered requisite evidence in substantiation of the positions taken upon the 1991 Form 1040. During the administrative process before Appeals, petitioner was afforded an opportunity to submit information for reconsideration of his liability but declined to do so. He was even given an additional 2 weeks after the collection hearing to provide documentation but did not take advantage of this chance. At the hearing on respondent's motion, he again mentioned possible supporting materials but had made no effort to bring such items. Thus, even a de novo review would not aid petitioner as the record now stands, and he has been given multiple opportunities to remedy this defect.

B. Review for Abuse of Discretion

Regardless of the availability of review under section 6330(c)(2)(B) of underlying liability, section 6330(c)(2)(A) directs that taxpayers may raise at collection hearings relevant issues relating to the unpaid tax or proposed collection action including, inter alia, spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives. Determinations made by the Appeals Office with respect to these issues are reviewed for abuse of discretion. Action constitutes an abuse of discretion under this standard where arbitrary, capricious, or without sound basis in fact or

law.  <u>Cox v. Commissioner</u>, 126 T.C. 237, 255-256 (2006); <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999).

Throughout these proceedings, petitioner has focused solely on his contentions concerning having filed a 1991 return.  While the Court sympathizes with petitioner's frustrations in this regard, what transpired with respect to this return is not substantively relevant in the current procedural posture.  Yet due to this singularity of focus, petitioner has never advanced any other issues susceptible to review under section 6330(c)(2)(A).  Accordingly, nothing in the record reflects an abuse of discretion.  The Court will grant respondent's motion for summary judgment and sustain the proposed collection action.

To reflect the foregoing,

<u>An order granting respondent's motion for summary judgment and decision for respondent will be entered</u>.