**Michael H. TANGREN, Petitioner,**

v.

**G. L. MIHLBACHLER, District Director, Internal Revenue Service, Respondent.**

**Richard M. BROOM, Petitioner,**

v.

**G. L. MIHLBACHLER, District Director, Internal Revenue Service, Respondent.**

**Civ. A. Nos. 81–K–748, 81–K–749.**

United States District Court, D. Colorado.

Sept. 22, 1981.

---

1. In view of this holding, this Court need not reach the other claims raised in the petition.

Cecil A. Hartman, Englewood, Colo., for petitioners.

William A. Bower, Tax Div., Dept. of Justice, Washington, D. C., for respondent.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Petitioners in these two cases seek writs of mandamus ordering the respondent to cease all actions aimed at seizing property for an alleged tax deficiency. These actions followed respondent's letters informing petitioners of a notice of assessment and demand for payment of overdue taxes. The disputes here arise from the notices of deficiencies that respondent caused to be mailed to petitioners. Under 26 U.S.C. § 6213(a) a taxpayer has 90 days after the mailing of a notice of deficiency to file a petition in the tax court for a redetermination of the deficiency.[1] Section 6212(b)(1) provides that the taxpayer has sufficient notice of the deficiency if the notice is mailed to the taxpayer "at his last known address." The only issue here is whether the IRS complied with this requirement. This court has jurisdiction under 28 U.S.C. § 1331(a).

### I. FINDINGS OF FACT

In Case No. 81–K–748 petitioner Tangren moved from Craig, Colorado to Nephi, Utah sometime before October, 1980. The U. S. Postal Service forwarded letters from the IRS to Tangren that were mailed in October, 1980 and in April, 1981 to his Craig address. The IRS notice of deficiency, regarding Tangren's 1979 taxes, was mailed in December, 1980 by certified mail, but not forwarded. Several different Postal Ser-

---

1. Even if the tax is collected and petitioners no longer may sue in tax court, they may still sue to recover taxes that they allege were wrong- fully collected in the district courts, 28 U.S.C. § 1346(a)(1), or in the court of claims, id. § 1491.

vice employees signed affidavits stating that the notice should have been forwarded, because Tangren had left a forwarding address with the Postal Service. The notice was not forwarded, however, but was returned to the IRS, marked "unclaimed."

In Case No. 81–K–749 petitioner Broom moved to a new address in Craig, Colorado from another address in the same city. He also filed a change-of-address form with the Postal Service. The IRS sent a notice of deficiency regarding Broom's 1979 taxes in December, 1980, which was returned, marked "moved, no forwarding address." In April, 1981 Broom received a notice of assessment from the IRS, even though it was also addressed to his former address.

In neither case has the IRS offered any evidence that it had any difficulty finding the petitioners' new addresses when it sought to attach their property.

## II. CONCLUSIONS OF LAW

It is well-settled law that the IRS need only send a notice of deficiency to the taxpayer's last known address. Actual notice is not required. In the present cases, however, I conclude that the IRS actions were not sufficient. In face of Postal Service mistakes for which petitioners could not be blamed, the IRS should have made an effort to locate the petitioners, rather than merely standing by. *Kennedy v. United States*, 403 F.Supp. 619, 624 (W.D.Mich. 1974), *aff'd mem.*, 556 F.2d 581 (6th Cir. 1977). Because the IRS was so easily able to contact petitioners in April, 1981, I conclude that it could have contacted them earlier through the exercise of reasonable diligence. The 90-day period should therefore not begin until the IRS mails petitioners their notices of deficiency. *Crum v. Commissioner of Internal Revenue*, 635 F.2d 895, 900–01 (D.C.Cir.1980).

## III. THE REMEDY

Although petitioners have filed petitions for writs of mandamus, they are actu-

ally seeking injunctive relief. Because the petitions were filed *pro se*, I will interpret them liberally, and characterize them as complaints for injunctive relief.[2] It is ORDERED that defendant is enjoined from further actions regarding petitioners' 1979 taxes until the Internal Revenue Service mails notices of deficiency to their present addresses and allows them 90 days to file petitions for redetermination in tax court. Each party to bear his own costs.

---

**2.** The difference between the two forms of relief has been largely eliminated by F.R.Civ.P. 81(b).