**Harold A. KILEY, Plaintiff,**

**v.**

**Jerome KURTZ, G. L. Mihlbachler, Roscoe L. Egger, Jr., W. E. Williams, Ann L. Dunsmore, R. Gullion, P. W. S., otherwise no other identification known, and Other Defendants Whose True Names Are not Known, Defendants.**

**Civ. A. No. 81–K–507.**

United States District Court, D. Colorado.

March 8, 1982.

---

**466**

Harold A. Kiley, pro se.

Robert N. Miller, U. S. Atty., Denver, Colo., Scott A. Milburn, Tax Division, Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiff, appearing *pro se*, alleges that:

1. his notice of income tax deficiency[1] was invalid because it was not sent in accordance with the requirements of 26 U.S.C. § 6212;

2. the defendants have a statutory duty to establish that the plaintiff is subject to taxation before they may assess a deficiency against him; and,

3. the defendants are liable for compensatory and punitive damages because they deprived the plaintiff of his constitutional rights of free speech and equal protection of the laws.

He seeks writs of mandamus compelling the defendants to withdraw the notice of deficiency which they sent him, to establish

---

1. Because a taxpayer has 90 days to respond to this notice it is often referred to as a "90-day notice."

that he is subject to taxation before assessing him, and to remove his name from an alleged list of illegal tax protestors. He also seeks damages from the defendants, who are IRS employees being sued in both their official and their individual capacities. This court has subject-matter jurisdiction to hear all of these claims under 28 U.S.C. § 1331.

Defendants Kurtz, Williams, and Eggers moved, pursuant to F.R.Civ.P. 12(b)(2), to dismiss the damage claims against them because this court does not have personal jurisdiction over them. All of the defendants moved, pursuant to F.R.Civ.P. 12(c), for judgment on the pleadings, arguing that the complaint does not state a claim upon which relief may be granted.

## I.  PERSONAL JURISDICTION

Defendants Kurtz, Williams, and Eggers allege that there is no personal jurisdiction over them on the damage claims because they have not been properly served. The plaintiff attempted to serve them in Washington, D.C. by using the U.S. Marshals Service in Denver, Colorado. He apparently did not specify how the service of process was to be made and the marshal's office followed its normal practice of serving out-of-state defendants by certified mail.

▬ Neither the instructions on the "Process Receipt and Return" form USM–285, which is used to request service of process, nor F.R.Civ.P. 4(d) state that service on federal officials being sued in their individual capacities cannot be by certified mail. However, the case law is clear that such service may not be by registered mail under F.R.Civ.P. 4(d)(5), but instead must be pursuant to F.R.Civ.P. 4(d)(1) or (7). *Griffith v. Nixon*, 518 F.2d 1195, 1196 (2d Cir.), *cert. denied*, 423 U.S. 995, 96 S.Ct. 422, 46 L.Ed.2d 369 (1975); *Relf v. Gasch*, 511 F.2d 804, 808 n.18 (D.C.Cir.1975); *Green v. Laird*, 357 F.Supp. 227, 230 (N.D.Ill.1973). The plaintiff argues that the responsibility for proper service rests with the U.S. Marshal's Service and that his complaint should

therefore not be dismissed because of the marshal's failure properly to serve these defendants. This argument is without merit. The marshals' only duty is to execute service in the requested manner, not to determine whether the requested service will be effective.[2] Although I construe *pro se* pleadings and other documents more liberally than those drafted by lawyers, a *pro se* plaintiff still must properly instruct the process server. Because service of process was not proper here, I dismiss the damage claims against defendants Kurtz, Williams, and Egger in their individual capacities.

## II.  STATUTORY REQUIREMENTS OF NOTICE OF TAX DEFICIENCY

Plaintiff alleges that a notice of tax deficiency was sent to him at his former residence even though he had notified the IRS of his new address, and that the deficiency notice was not sent by certified or registered mail. He also alleges that he only received the notice because his daughter, who was living at his former address, forwarded it to him. He seeks an order compelling the defendants to withdraw the deficiency notice because it was not sent according to the requirements of 26 U.S.C. § 6212. Section 6212(a) provides, in relevant part:

> If the Secretary determines that there is a deficiency in respect of any tax imposed . . ., he is authorized to send notice of deficiency to the taxpayer by certified or registered mail.

Section 6212(b) provides, in relevant part:

> [a] notice of deficiency . . ., if mailed to the taxpayer at his last known address, shall be sufficient. . . .

Plaintiff argues that the deficiency notice which he received is invalid because it was not sent by registered or certified mail to his last known address. I reject this argument.

▬ The purpose of a notice of deficiency is, first, to notify the taxpayer that a deficiency has been determined against him, and second, to afford him an opportunity to

---

**2.**  See also 91 F.R.D. 139, 143–51 (1981), listing  a proposed amendment to F.R.Civ.P. 4.

challenge the determination in tax court. *See Barnes v. Commissioner*, 408 F.2d 65, 68 (7th Cir.), *cert. denied* 396 U.S. 836, 90 S.Ct. 94, 24 L.Ed.2d 86 (1969); *Bauer v. Foley*, 404 F.2d 1215, 1220 (2d Cir. 1968); *Delman v. Commissioner*, 384 F.2d 929, 932 (3d Cir. 1967). If a taxpayer receives actual notice of his deficiency, then it does not matter how he receives it. *Clodfelter v. Commissioner*, 527 F.2d 754, 757 (9th Cir. 1975). For example, actual notice through ordinary mail is sufficient. *Boren v. Riddell*, 241 F.2d 670, 672–73 (9th Cir. 1957). In *Clodfelter v. Commissioner* the court held:

> Reading the interrelated sections of the Code as an integrated whole, it is apparent that the legislative plan contemplates that actual notice of deficiency should be given where such can reasonably be achieved and that the mailing authorized by § 6212(a) is a means to that end ....... the important thing is that the taxpayer have actual notice and not that he have it in any particular way.

527 F.2d at 756–57. Section 6212 therefore only provides a method of attempted notice that is sufficient whether or not there is in fact actual notice.[3] It does not state the exclusive method by which a taxpayer may be notified of an alleged deficiency. See *id.* at 757. In the present case, the plaintiff acknowledges that he actually received his notice of deficiency and he does not allege any detrimental delay. His challenge to the notice of deficiency is therefore without merit.

## III. DEFENDANTS' DUTY TO ESTABLISH THAT PLAINTIFF IS SUBJECT TO TAXATION

■ The plaintiff also argues that 26 U.S.C. § 6001 requires the defendants to establish that the plaintiff is subject to taxation before assessing a deficiency against him. Section 6001 provides:

> Every person liable for any tax imposed by this title ... shall keep records, render such statements, make such returns and comply with such rules and regula-

tions as the Secretary may from time to time prescribe. Whenever in the judgment of the Secretary it is necessary, he may require any person ... to make such returns, render such statements or keep such records as the Secretary deems sufficient to show whether or not such person is liable for tax under this title....

The plaintiff does not cite any authority in support of his contention that the IRS has a duty to establish that he is subject to taxation. I am unaware of any such duty under any section of the Internal Revenue Code. Section 6001 imposes a duty on the taxpayer, not on the IRS. Any such duty on the IRS is also specifically precluded by section 6012, which applies to "every individual" and subjects the plaintiff to tax liability under the Internal Revenue Code.

## IV. IRS CLASSIFICATION OF PLAINTIFF AS AN ILLEGAL TAX PROTESTOR

The plaintiff also claims that he has been classified as an illegal tax protestor and the defendants have placed his name on a list of illegal protestors. He argues that he is entitled to damages from the defendants in their individual capacities because, by classifying him as an illegal protestor, they have deprived him of his constitutional rights of free speech and equal protection. He bases this allegation on two IRS manuals: *Illegal Tax Protestor Training Guide* (IRS, Training 9974–12) (1980), and *Internal Revenue Manual Supplement* (1979).

The plaintiff claims damages here under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case held that a violation of a constitutional right "by a federal employee, acting under color of his authority, gives rise to a cause of action for damages consequent upon his unconstitutional conduct." *Id.* at 389, 91 S.Ct. at 2001. Unconstitutional conduct is therefore an essential prerequisite for damages under *Bivens*.

---

**3.** But cf. *Tangren v. Mihlbachler*, 522 F.Supp. 701, 703 (D.Colo.1981) (IRS must exercise reasonable diligence in determining taxpayer's last known address before utilizing the provisions of 26 U.S.C. § 6212.)

■ Even though *pro se* complaints are to be construed liberally, allegations must be supported by material facts, not just conclusory statements. C. Wright & A. Miller, *Federal Practice and Procedure* § 1357, at 595–98. The complaint must also contain specific allegations of actual involvement of each defendant. *Black v. United States*, 534 F.2d 524, 527–28 (2d Cir. 1976).

■ Plaintiff's complaint does not contain any specific allegations of unconstitutional conduct by any of the defendants. The only material facts asserted are the existence of the IRS manuals and the list of illegal tax protestors. Such is insufficient to state a claim for deprivation of constitutional rights. It is also insufficient to compel the IRS to remove his name from the list of protestors.[4]

IT IS ORDERED that the claims for damages against defendants Kurtz, Williams, and Eggers in their individual capacities are dismissed for lack of personal jurisdiction. It is further

ORDERED that defendants' motion for judgment on the pleadings is granted, pursuant to F.R.Civ.P. 12(c). It is further

ORDERED that this complaint and civil action are hereby dismissed.

---

**4.** Because of my disposition of this case, I do not reach defendants' alternate contentions that this suit is barred by sovereign immunity, the anti-injunction act, or the declaratory judgment act.