TED. A. NEFF, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Neff v. Commissioner
Docket No. 30514-84.
United States Tax Court
T.C. Memo 1987-527; 1987 Tax Ct. Memo LEXIS 518; 54 T.C.M. (CCH) 894; T.C.M. (RIA) 87527; October 8, 1987. Ted A. Neff, pro se. Andrew A. Vanore, III, for the respondent. GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER; Judge: Respondent, by a notice of deficiency, dated June 5, 1984, determined a deficiency in petitioner's 1981 and 1982 income tax in the respective amounts of $ 26,055 and $ 22,296 and additions to tax under section 6653(a)(1) [1] in the respective amounts of $ 1,303 and $ 1,115. Additionally, respondent determined that petitioner is subject to the 50 percent of interest addition to tax under section 6653(a)(2) for both taxable years. The issues for our consideration are: (1) Whether we have jurisdiction over petitioner and his two taxable years; (2) whether petitioner is entitled to deductions claimed in his 1981 and 1982 tax returns regarding Goldmar, Ltd. *519 1981 Gold Mining Program; (3) whether petitioner is liable for additions to tax under section 6653(a)(1) and (2) for the taxable years 1981 and 1982; and (4) whether damages should be awarded under section 6673. FINDINGS OF FACT Petitioner resided at Miami, Florida, at the time of filing the petition is this case. Petitioner filed Federal income tax returns for the taxable years 1981 and 1982 reported $ 86,118.27 and $ 70,181.76, respectively, as income from wages as an airline pilot. For 1981 and 1982 petitioner claimed $ 26,050 and $ 30,177, respectively, as losses from mining, which respondent disallowed. Respondent also disallowed claimed interest expense and miscellaneous and employee deductions as follows: Miscellaneous
Employee
Year
Interest Expense
Deductions
Deductions
1981
$ 12,099
$ 3,947
$  3,175
1982
11,099
3,854
10,365
The parties stipulated that petitioner is entitled to the following amounts of interest *520 and miscellaneous and employee deductions: [2]
Miscellaneous
Employee
Year
Interest Expense
Deductions
Deductions
1981
$ 11,316
$ 1,237
$   545
1982
10,563
1,112
5,218.54
When petitioner appeared for his audit examination for the 1981 taxable year, he refused to supply any answers or information unless the Internal Revenue agent examining his return answered questions about the Privacy Act of 1974 (Title 5, United States Code, section 552a) and provided petitioner the authority under which information could be sought or tax assessed or collected from petitioner. Petitioner was offered other opportunities to provide information supporting certain of the deductions claimed on his 1981 income tax return, but he declined because respondent's agents were able to or refused to answer petitioner's inquiries to petitioner's satisfaction. Petitioner's 1982 return was subsequently selected for *521 examination and essentially the same standoff did or would have occurred where petitioner insisted that respondent's agent answer petitioner's question before petitioner would provide information or documents requested by respondent's agents. With this background, respondent issued a notice of deficiency for petitioner's 1981 and 1982 taxable years and this proceeding was instituted. Petitioner did not supply any government employees with any information about his 1981 and 1982 income tax returns until he was ordered to trial following several attempts at questioning the jurisdiction of this Court on constitutional-type grounds. OPINION Respondent contends petitioner is a "protestor" and that he has not made any "colorable" argument with respect to respondent's determination, as set forth in the notice of deficiency. Petitioner had filed 1981 and 1982 income tax returns claiming deductions for business expenses and a loss attributable to an alleged investment in a gold mine. Apparently, after respondent contacted petitioner to audit his returns, petitioner refused to cooperate with respondent's agents because he no longer considered himself to be a "taxpayer" or "person" under *522 title 26 United States Code (Internal Revenue Code), and respondent's agents were not able to explain to petitioner's satisfaction under what authority they were entitled to obtain information from or to tax petitioner. [3] Petitioner, essentially, took these positions throughout the entire administrative process until respondent issued a notice of deficiency and petitioner instituted this proceeding. Petitioner essentially contends that he does not have to support or substantiate his report of income and deductions to the government unless the government proves to his satisfaction that he is so required. Petitioner's case was scheduled for trial at Miami, Florida, on January 26, 1987, by means of a Notice and Pretrial Order served on petitioner August 26, 1986. By a document filed November 24, 1986, petitioner moved to withdraw his petition on the ground that this Court lacked jurisdiction because petitioner "is not a statutory 'taxpayer.'" [4] We denied petitioner's motion on December 1, 1986. *523 Petitioner appeared at the trial session on January 26, 1987, and caused to be filed another document in which he questioned the jurisdiction of this Court and it was again denied, whereupon petitioner refused to proceed with the merits of his case in accordance with the August 26, 1986, notice and order. Petitioner's case was dismissed for lack of prosecution. Petitioner, on March 16, 1987, caused to be filed a motion to vacate our order of dismissal and decision entered and, after a hearing, we granted his motion by order of March 30, 1987, in which we set this matter for trial on March 31, 1987. Petitioner and respondent entered into a limited stipulation of facts [5] and at trial petitioner offered only incomplete testimony about the items disallowed by respondent. Petitioner was not prepared to supply evidence of his "business deductions" and was permitted until August 17, 1987, to offer further documentation which was offered in the form of a second stipulation of facts by the parties on August 17, 1987. *524 Seriatum briefs were required of the parties and petitioner made the following "legal" arguments in his opening and responding briefs: (1) That the notice of deficiency was invalid [6] and that the burden of proof is on respondent; (2) that the Federal government cannot tax a resident of a "sovereign state;" and (3) that petitioner's "investment" of $ 10,000 cash, loans of $ 40,000 and the potential value of gold from mining show that he was seeking a profit. Respondent argues that we have jurisdiction; petitioner has failed to carry his burden of proving entitlement to deductions; and that petitioner has maintained this proceeding primarily for delay. We agree with respondent. Initially, petitioner argued that we did not have jurisdiction because he was not a "taxpayer" or "person" over whom respondent had authority *525 to issue a notice of deficiency. It is clear that respondent has the authority to determine his Federal tax liability. United States v. Slater,545 F. Supp 179, 182 (D. Del. 1982); Graf v. Commissioner,T.C. Memo. 1982-317, and cases cited therein; Kiley v. Kurtz,533 F. Supp. 465 (D. Col. 1982). Having failed to convince us that we lacked jurisdiction, petitioner still continues to argue that the notice is invalid, contending that respondent should have the burden of proof. Under this theory petitioner argues that he would be successful regarding respondent's disallowance of deductions without offering any evidence, because respondent has offered no evidence. Petitioner apparently cites Llorente v. Commissioner,649 F.2d 152 (2d Cir. 1981), affg. in part and revg. in part 74 T.C. 260 (1980), and Weimerskirch v. Commissioner,596 F.2d 358 (9th Cir. 1979), revg. 67 T.C. 672 (1977), as authority for his argument. These cases are inapposite. Petitioner also asserts that respondent' agents' failure to answer questions about respondent's authority to seek information upon *526 which to determine a deficiency places respondent in the position of assuming the burden of proof or in some way invalidates the notice of deficiency. Petitioner cites no meaningful authority for such a result in this case and we find that respondent's notice of deficiency is valid and that it has the statutory presumption of correctness, leaving petitioner with the burden of proof as to all matters determined in the notice of deficiency. Petitioner bears the burden of showing entitlement to the deductions claimed on his return. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioner has failed to carry his burden with respect to the income tax deficiency and the additions to tax for the taxable years 1981 and 1982. Respondent seeks $ 5,000 in damages to be awarded to the United States and against petitioner for maintaining this proceeding primarily for purposes of delay. Section 6673 damages may be awarded "Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay [or] that the taxpayer's position in such proceeding is frivolous or groundless * * *." After having filed returns *527 reporting income and claiming deductions and losses, petitioner refused to cooperate with Internal Revenue Service, essentially for protestor-type reasons. Petitioner has advanced the ploy that wages are not income, which we have determined adversely in numerous cases. See, e.g., Reiff v. Commissioner,77 T.C. 1169, 1173 (1981). Petitioner refused to supply any information because respondent's agents were not able to show to petitioner's satisfaction that he was a "taxpayer" or "person" within the meaning of the Internal Revenue Code or to otherwise show Federal governmental authority over petitioner. This ploy has also been unsuccessful in numerous prior cases, some of which are cited earlier in this opinion. Petitioner has relentlessly advanced these well-worn, protestor-type positions throughout the pendancy of this litigation and we find his legal position to be frivolous and groundless within the meaning of section 6673. Moreover, when given the opportunity on several occasions to present evidence in support of the merits of his tax liability, petitioner, for the most part, returns to his protestor rhetoric. There appears to be no other apparent reason for *528 petitioner's maintenance of this proceeding other than for the primary purpose of delay. We, accordingly, award damages of $ 5,000 to the United States under section 6673. To reflect concessions of the parties, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue and all rule references are to this Court's Rules of Practice and Procedure. ↩
2. Petitioner objected that these amounts "do not reflect the full amounts that he in good faith would be allowed." Petitioner, however, does not object to these amounts being allowed per respondent's agreement with him. ↩
3. Petitioner also raised some issues or questions concerning the Privacy Act of 1974 (5 U.S.C. 552a↩) which respondent's agents did not answer to petitioner's satisfaction. 4. Petitioner argues that the notice of deficiency was invalid because he is not a "taxpayer" and accordingly we would lack jurisdiction. ↩
5. The stipulation of facts contained a copy of petitioner's Federal income tax returns and many qualifications and conditions concerning petitioner's status as a "taxpayer" and whether he earned any income. Petitioner also sought to stipulate portions of the administrative proceeding to show that respondent's agents were not able to show petitioner under what authority he was required to provide information to the government. Virtually nothing was stipulated by petitioner concerning the underlying merits of his tax liability or the deficiency determined by respondent. ↩
6. This was the third occasion that petitioner questioned the validity of the notice of deficiency on similar grounds -- that he is not a "taxpayer" or "person" within the meaning of the Internal Revenue Code and, accordingly, the notice of deficiency provisions do not apply to him and respondent has no authority to make a determination of his tax liability. ↩