DOROTHY E. WELLS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wells v. Commissioner
Docket No. 28337-87.
United States Tax Court
T.C. Memo 1989-150; 1989 Tax Ct. Memo LEXIS 150; 57 T.C.M. (CCH) 36; T.C.M. (RIA) 89150; April 5, 1989
Dorothy E. Wells, pro se. Bruce K. Meneely, for the respondent. GERBER
MEMORANDUM OPINION GERBER, Judge: Respondent, by means *151 of a notice of deficiency, determined deficiencies in income tax and additions to tax concerning petitioner, as follows: Additions to Tax - I.R.C. Sections
Year
Income Tax
6651(a)(1) [1]
6653(a)(1)
6653(a)(2)
6654
6661
1984
$ 5,252.55
$ 883.38
$ 262.63 *
$ 195.20
$ 1,313.13
1985
5,474.75
1,368.68
273.74 *
313.74
1,368.69
Respondent, in his answer, sought the award of damages in favor of the United States pursuant to section 6673 because petitioner's position in this case is frivolous and groundless. The issues we must consider include: (1) Whether petitioner had income from services in the amounts determined by respondent; (2) whether petitioner is liable for additions to tax as determined by respondent; and (3) whether damages should be awarded pursuant to section 6673. Petitioner resided in Bristow, Oklahoma, at the time of filing *152 of her petition. She is a college-educated physical therapist who has practiced that profession since 1961. Petitioner did not file 1984 and 1985 Federal income tax returns. Petitioner has not filed any Federal income tax returns since her filing for the 1981 taxable year. Respondent determined petitioner's income for 1984 and 1985 based upon Forms W-2 and 1099's received by respondent from third parties. Petitioner agreed that she had income in the amount determined by respondent for 1984, but she generally denied that she had income during 1985. When cross-examined about the 1985 taxable year, petitioner's testimony was vague and evasive. Additionally, she refused to answer specific questions about her 1985 income. Petitioner's husband testified that petitioner worked as a physical therapist during 1983, 1984 and 1985 and his testimony is directly contrary to petitioner's denial concerning the 1985 taxable year. Petitioner's sole explanation for failing to file returns for 1984 and 1985 was that respondent's agents were not able to explain how petitioner could file a return without committing a crime. During the trial, petitioner was asked whether she had some specific *153 fear of incrimination and she was unresponsive. Petitioner has also claimed that she is not a "taxpayer" under the Federal income tax laws and that the notice of deficiency is invalid due to lack of statutory authority because the income tax is an "unapportioned direct tax." Petitioner has not carried her burden of showing that respondent's determination of income from services for 1984 and 1985 was in error. Welch v. Helvering,290 U.S. 111 (1933); Rule 142. Petitioner failed to file returns for the taxable years 1984 and 1985. The filing of income tax returns in accordance with the then current statutory and regulatory provisions does not, per se, violate a taxpayer's privilege against self-incrimination under the Fifth Amendment. White v. Commissioner,72 T.C. 1126, 1130 (1979). Petitioner in this case did not claim to be under criminal investigation for the taxable years in issue and, accordingly, her failure to file based upon a Fifth Amendment privilege is without merit. Wilkinson v. Commissioner,71 T.C. 633, 638-639 (1979). To invoke the Fifth Amendment privilege petitioner must be faced with substantial hazards of self-incrimination *154 that are real and appreciable, and she must have reasonable cause to apprehend such danger. The privilege may not be used as a method of evading or avoiding a payment of lawful taxes. Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982); McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981). "Compensation for labor or services, paid in the form of wages or salary, has been universally, held by the Courts of this republic to be income, subject to the income tax laws currently applicable." United States v. Romero,640 F.2d 1014, 1016 (9th Cir. 1981); Rowlee v. Commissioner,80 T.C. 1111, 1119-1122 (1983). Petitioner bears the burden of proving that respondent's determination is not correct. Welch v. Helvering,290 U.S. 111 (1933); Rule 142. Sections 6651(a)(1), 6653(a)(1), 6653(a)(2), 6654 and 6661 provide for additions to tax for failure to file a timely return, negligence or intentional disregard of rules and regulations, underpayment of estimated tax, and substantial understatement of income tax, respectively. Section 6653(a)(2) provides for *155 an additional 50 percent of the interest due on the underpayment due to negligence. Petitioner bears the burden of proving that she is not liable for these additions to the tax. Neubecker v. Commissioner,65 T.C. 577, 586 (1975); Enoch v. Commissioner,57 T.C. 781, 802 (1972); Benn v. Commissioner,366 F.2d 778 (5th Cir. 1966), affg. a Memorandum Opinion of this Court. "[R]efusal to file any return at all has never been protectable by a taxpayer's privilege against self-incrimination." United States v. Carlson,617 F.2d 518, 523 (9th Cir. 1980), cert. denied 449 U.S. 1010 (1980). "Merely relying upon their own uninformed belief that they were excused from answering such questions is clearly insufficient to constitute reasonable cause for failure to file." Thompson v. Commissioner,78 T.C. 558, 563 (1982). Petitioner also argued that we did not have jurisdiction because she was not a "taxpayer" or "person" over whom respondent had authority to issue a notice of deficiency. It is clear that respondent has the authority to determine petitioner's Federal tax liability. United States v. Slater,545 F. Supp 179, 182 (D. Del. 1982), *156 affd. without published opinion 709 F.2d 1496 (3d Cir. 1983); Graf v. Commissioner,T.C. Memo. 1982-317, and cases cited therein; Kiley v. Kurtz,533 F. Supp. 465 (D. Colo. 1982). We, accordingly, hold that the additions to tax were correctly determined by respondent and that petitioner is liable for all such additions to the tax for 1984 and 1985. Respondent seeks $ 5,000 in damages to be awarded to the United States and against petitioner for maintaining this proceeding based upon frivolous or groundless positions. Section 6673 damages may be awarded "Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceeding is frivolous or groundless * * *." After having failed to file returns petitioner has claimed that no return was necessary essentially for what we have found to be protestor-type reasons. This ploy has been unsuccessful in numerous prior cases, some of which are cited earlier in this opinion. Petitioner has relentlessly advanced these well-worn, protestor-type positions throughout the pendency of this *157 litigation and we find her positions to be frivolous and groundless within the meaning of section 6673. We, accordingly, award damages of $ 5,000 to the United States under section 6673. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years in issue. Rule references are to this Court's Rules of Practice and Procedure. * Amount equal to 50 percent of the interest due on the underpayment.↩