ROBERT H. TRIMBLE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Trimble v. Commissioner
Docket No. 33438-87
United States Tax Court
T.C. Memo 1989-419; 1989 Tax Ct. Memo LEXIS 417; 57 T.C.M. (CCH) 1256; T.C.M. (RIA) 89419; August 14, 1989
David C. Allie and Paul J. Coselli, for the petitioner. Ana G. Cummings and Richard T. Cummings, for the respondent. WHALEN
MEMORANDUM FINDINGS *418 OF FACT AND OPINION WHALEN, Judge: This case is before the Court to decide cross motions to dismiss for lack of jurisdiction. Respondent's motion says that the Court lacks jurisdiction because petitioner filed his petition more than 90 days after the mailing of the notice of deficiency, contrary to the requirements of section 6213(a). [1] Petitioner's motion says that respondent did not mail a valid notice of deficiency in accordance with section 6212 and he is therefore barred from assessing tax deficiencies and additions to tax against petitioner for taxable years 1976 through 1981. In the alternative, petitioner's motion says that this petition is timely because petitioner filed it within 90 days after receiving the notice of deficiency. As a preliminary matter, we note respondent took the position at trial that the issue for decision is whether the notice of deficiency was mailed on April 11, 1986, and that evidence of receipt or nonreceipt of the notice is not relevant and should be excluded from the record. Respondent made continuing objection to the introduction of all such evidence and the Court took *419 his objection under advisement. On brief, respondent objects to certain findings of fact proposed by petitioner concerning his alleged failure to receive the subject notice as irrelevant and formally reserves his objection to the admissibility of the evidence relied upon as the basis for such proposed findings. We hereby overrule respondent's objection. FINDINGS OF FACT Some of the facts have been stipulated, and are so found. The Stipulation of Facts filed by the parties, and the exhibits attached thereto, are incorporated herein by this reference. Petitioner Robert H. Trimble is a medical doctor who is self-employed as a radiologist. He resided at 3017 Amherst, Houston, Texas 77005 ("Houston address"), at the time the petition was filed and at all times pertinent to this case. He executed Forms 872-A (Special Consent to Extend the Time to Assess Tax) for taxable years 1978, 1979, 1980 and 1981. He did not execute such a form for taxable year 1976 or 1977, but the period of limitations on assessment for each such year was nevertheless extended by reason of net operating loss and investment credit carrybacks from 1979. On February 14, 1986, he filed with respondent Forms *420 872-T (Termination of Special Consent to Extend the Time to Assess Tax) for taxable years 1978 through and including 1981. By reason of such action, the period of limitations on assessment for the taxable years at issue was due to expire on May 19, 1986, 90 days from respondent's receipt of the Forms 872-T. The notice of deficiency at issue in this proceeding is dated April 11, 1986. In it, respondent determined the following deficiencies in and additions to petitioner's Federal income tax: Additions to tax under sections
Year
Deficiency
6653(a)(1)
6653(a)(2)
6621(c)
1976
$ 6,848.30 $ 342.42   **
1977
45,666.22
2,283.31 **
1978
52,635.80
2,631.79 **
1979
55,259.40
2,762.97 **
1980
69,543.69
3,477.18 **
1981
65,222.81
3,261.14
* **
The notice of deficiency was prepared by respondent's Examination Division in Houston, Texas in accordance with the routine procedures of that office for the preparation and mailing of such notices. Those procedures normally culminate in United States *421 Postal Service Form 3877 (Acceptance of Registered, Insured, C.O.D. and Certified Mail), which respondent retains in his files as proof that one or more notices of deficiency were mailed on a particular date by certified mail to specified taxpayers at the addresses shown on the form. Among the records maintained by respondent's Examination Division in Houston, Texas, is a Form 3877 which states that on April 11, 1986, ten envelopes were delivered to the Westheimer Station of the United States Postal Service for mailing by certified mail. According to the Form 3877, one of the envelopes, bearing certified mail number 16656, was addressed to petitioner's Houston address and contained a notice of deficiency issued to petitioner for taxable years 1976 through 1981. On September 4, 1986, respondent mailed to petitioner statements of tax due for taxable years 1976, 1977, 1978, 1979, 1980 and 1981. Petitioner received such statements shortly thereafter. Petitioner's attorney, David C. Alley, Esquire, contacted respondent and on July 15, 1987, obtained a copy of the notice of deficiency. Petitioner filed this petition with the Court 544 days after the mailing date of the notice of *422 deficiency. OPINION The crux of this case is whether respondent mailed the notice of deficiency to petitioner's Houston address on April 11, 1986. If we find that he did, then the case must be dismissed for lack of jurisdiction because the petition was not filed with this Court within 90 days thereafter as required by section 6213(a). E.g., Zenco Engineering Corp. v. Commissioner, 75 T.C. 318 (1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981); Cataldo v. Commissioner, 60 T.C. 522 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974). If we find that he did not, then petitioner argues that the case must be dismissed on the ground that the notice of deficiency is not valid and cannot serve as the basis of a valid assessment. In these circumstances, we have jurisdiction to determine whether the notice of deficiency is valid and, in effect, to decide on what ground we lack jurisdiction. Shelton v. Commissioner, 63 T.C. 193 (1974); Pyo v. Commissioner, 83 T.C. 626 (1984); Brannon's of Shawnee, Inc. v. Commissioner , 69 T.C. 999 (1978). In support of *423 his motion, respondent relies on Postal Service Form 3877 to prove that the notice of deficiency was mailed to petitioner on April 11, 1986. The Form 3877 introduced by respondent is dated April 11, 1986, and contains: the initials of respondent's employee, a 90-day notice clerk, Ms. W. Diane Roscoe, who prepared the form ("dr"); petitioner's name and his Houston address; the certified mail number of the notice addressed to petitioner ("16656"); a notation of the six taxable years covered by the notice addressed to petitioner ("7612, 7712, 7812, 7912, 8012, 8112"); the total number of pieces of mail listed by respondent (10); the total number of pieces received at the Post Office (10); the signature of the Postal Service employee who accepted the mail (Mr. Willie Dunn); and the postmark, "April 11, 1986." Form 3877 represents direct evidence of both the fact and the date of mailing of the statutory notice of deficiency. See Magazine v. Commissioner, 89 T.C. 321, 327 note 8 (1987); Traxler v. Commissioner, 63 T.C. 534, 536 (1975); Hill v. Commissioner, T.C. Memo. 1988-198; Madsen v. Commissioner, T.C. Memo. 1988-179; *424 Dorff v. Commissioner, T.C. Memo. 1988-117. In the absence of contrary evidence, Form 3877 is sufficient to establish that the notice was properly mailed to a taxpayer. United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984), cert. denied 469 U.S. 830 (1984); United States v. Ahrens, 530 F.2d 781, 784 (8th Cir. 1976); Cataldo v. Commissioner, supra at 524. In further support of his motion, respondent introduced evidence to show the routine procedures used in preparing and mailing notices of deficiency in Houston, Texas and evidence to show that such procedures were followed in this case. See Cataldo v. Commissioner, supra at 524. Respondent called as a witness respondent's 90-day notice clerk who prepared the subject Form 3877, Ms. Roscoe. She testified about the procedures for preparing and mailing notices of deficiency which respondent's Houston Office followed during April 1986. Ms. Roscoe explained that notices were sent to her after they had been typed and proofread. She proofread them and compared each one with the taxpayer's administrative file. She then made *425 the requisite number of copies and date-stamped each notice. She typed Postal Service Form 3877, including the names and addresses of the persons to whom notices were to be mailed, and verified that the information thereon corresponded to the appropriate information on each notice of deficiency. She then placed the original and one copy of each notice in an envelope for mailing to the taxpayer, and stamped each envelope in the lower right-hand corner with a "Certified Mail" stamp. She put the envelopes in numerical sequence. She sealed each envelope and bundled the envelopes together with the Postal Service Form 3877. The bundle of envelopes and Form 3877 were then delivered to the mail room at respondent's Houston Office. The fact of delivery to respondent's mail clerk was recorded on a departmental log. The appropriate page from the departmental log was introduced into evidence. The entry for April 11, 1986, shows the certified mail number of the first and last envelope listed on Form 3877 ("16648"and "16657"), the number of pages comprising Form 3877 ("1"), the initials of the person who transferred the bundle to the mail room ("C.P."), and the initials of the mail room clerk *426 who received it ("M.H."). The person who transferred the notices to the mail room on April 11, 1986, and whose initials appears on the log, is Ms. Christine Peterson. The mail room clerk whose initials appear on the log is Mr. Mark Hoppe. Respondent called Mr. Hoppe as a witness. He testified that he usually checked the certified mail numbers on the Form 3877 with the corresponding numbers on each envelope in the bundle before he signed the log. He would then deliver the bundle to the Post Office. The Post Office clerk who handled the statutory notices on April 11, 1986, was Mr. Willie Dunn. Petitioner called Mr. Dunn as a witness. He testified that it was his practice to count the envelopes and to check the certified mail numbers on Form 3877 with the corresponding numbers on each envelope in the bundle which accompanied Form 3877. After satisfying himself that the envelopes corresponded with the Form 3877, he would write the total number of items included in the bundle on the Form 3877, circle the number, stamp the Form 3877 with an official postmark, and initial it. Mr. Hoppe further testified that Form 3877 bearing the official postmark would be returned to respondent's *427 mail room, where it would be checked by a supervisor and returned to the typing unit. According to Ms. Roscoe, information concerning the fact of mailing of each notice, including the date of mailing, would then be recorded in respondent's two computer systems. She testified that respondent's computer systems reflect the issuance of a notice of deficiency to petitioner on April 11, 1986. Petitioner makes two alternative arguments. First, he argues that this case should be dismissed because the evidence is not sufficient to prove that a valid notice of deficiency was properly mailed by respondent on April 11, 1986. Petitioner does not advance any reason to conclude that the notice is invalid, other than his contention that it was not mailed on April 11, 1986, and he attempts to prove that fact as an inference from various factors, principally his claim that he did not receive it. Simply put, petitioner's first argument is that he never received the notice of deficiency and, therefore, it must not have been properly mailed. Second, he argues that this case should not be dismissed because the petition was filed within 90 days from the date on which his attorney received it, and *428 it is, therefore, timely. We disagree with both arguments. Petitioner begins his first argument with the assertion that he never received the notice of deficiency or any other article sent by respondent by certified mail on April 11, 1986, whereas he did receive statements of tax due dated September 4, 1986, which were sent by regular mail. He then points to the facts that respondent's file does not contain the envelope with the notice of deficiency allegedly sent to petitioner and that the Postal Service has no record of delivery of the notice. He asserts that such "proof of the failure of a letter to reach its destination raises a corresponding presumption that it was never mailed." Petitioner relies on this so-called presumption of nonmailing, together with his assertion that respondent's procedures for mailing notices of deficiency do not exclude the possibility of error, as a basis to infer "that Respondent and his employees have acted negligently, and that their negligence resulted in the failure to properly send the Notice to the Petitioner." Petitioner further argues that even if respondent is not at fault, the notice of deficiency should nevertheless be declared invalid *429 because the fault lies with the Postal Service, "a sister agency of Respondent," and that is a "far fairer and more equitable" result. At the outset, we note that the statute requires respondent to send the notice of deficiency by certified mail or registered mail, section 6212(a), and in the case of an income tax deficiency, provides that the notice of deficiency "shall be sufficient," "if mailed to the taxpayer at his last known address." Section 6212(b)(1). The statute does not require delivery by the Commissioner or actual receipt by the taxpayer; the Commissioner's notice sent by registered or certified mail to the taxpayer's last known address is valid and sufficient, whether or not it is actually received. King v. Commissioner, 857 F.2d 676, 681 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Keado v. United States, 853 F.2d 1209, 1212 (5th Cir. 1988); United States v. Ahrens, supra at 785; Monge v. Commissioner, 93 T.C. (July 12, 1989); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). In effect, if the notice is properly mailed, the statute places the risk of nondelivery on the taxpayer. *430 Section 6212(b). We further note that respondent bears the burden of proving that the date on which the deficiency notice was mailed is more than 90 days before the date on which petitioner filed his petition in this Court. Pietanza v. Commissioner, 92 T.C. 729, 736 (1989); August v. Commissioner, 54 T.C. 1535, 1536 (1970). The record contains ample evidence, consisting of Form 3877 and testimony about respondent's procedures for mailing notices of deficiency, to establish that the subject notice was mailed on April 11, 1986. Indeed, as we recently noted, the rule is well-settled that proof of a properly mailed document creates a presumption that the document was actually received by the addressee, absent contrary proof of irregularity. Estate of Wood v. Commissioner, 92 T.C. 793 (1989). Petitioner's first argument is that his failure to receive the notice creates a "corresponding presumption that it was never mailed." However, this so-called presumption of nonmailing is not a "corresponding" presumption at all but is directly contrary to the presumption which normally obtains in this situation. See generally 29 Am. Jur. 2d *431 § 198 (1967). In effect, petitioner simply asks the Court to turn the statute on its head. His first argument is clearly contrary to section 6212(b)(1). It disregards the fact that the statute places the risk of nondelivery of a notice of deficiency on the taxpayer. E.g., Monge v. Commissioner, supra; Muller v. Commissioner, T.C. Memo. 1989-332. Moreover, we are unable to agree with the factual premise of petitioner's first argument that the notice failed to reach its destination, petitioner's Houston address. The record does not bear this out or warrant an inference that the notice was not properly mailed by respondent. Certainly, the fact that the Postal Service has "no record of delivery" of the letter bearing certified mail number 16656 does not do so. To the contrary, "no record of delivery" means only that there is an absence of such a record and not necessarily that the article was not delivered or offered for delivery. While petitioner testified that he did not personally receive the notice, his testimony is not inconsistent with our conclusion that delivery of the notice was attempted at petitioner's Houston address but was refused by petitioner's *432 tenant, Mr. John F. Wendt. Mr. Wendt testified that he refused to accept delivery of certified letters addressed to petitioner "numerous times since 1978." Mr. Wendt's testimony on this point was confirmed by a mail carrier who stated that Mr. Wendt refused delivery of certified letters from the Internal Revenue Service. In any event, the point is that petitioner's failure to receive the notice does not reasonably raise an inference that respondent failed to properly mail it. In further support of his position that the Court should infer that the notice was not mailed, petitioner attacks the procedures of the Houston Examination Division as comprising a system in which mistakes can be and are made in mailing notices of deficiency. Petitioner points to the facts: that Ms. Roscoe, who was responsible for the preparation of the Form 3877, had only 2-3 weeks of experience as the notice clerk and was still in training at the time she prepared the notice of deficiency to petitioner; that three other taxpayers who were sent notices on the same day did not file petitions with this Court; that respondent's mail room occasionally changed procedures; that Messrs. Hoppe and Dunn, who handled *433 the certified mails, did not check the names and addresses on the Form 3877 against the envelopes in which the notices were sent; and that petitioner allegedly did not receive the notice of deficiency but received statements of tax due in September. Petitioner also notes that respondent did not offer any witness in a position superior to Ms. Roscoe. Based on these factors, petitioner argues that there is sufficient evidence to show that respondent did not properly mail the notice of deficiency. He admits that he relies in substantial part on circumstantial evidence and "natural inference." We do not find petitioner's circumstantial evidence sufficient to establish that respondent failed to follow his standard procedures in preparing and mailing the subject notice of deficiency to petitioner, nor do we believe that such factors necessarily or even "naturally" lead to the inference that a mistake was made. Ms. Roscoe's inexperience as a 90-day notice clerk hardly suggests that she made a mistake in this case. She worked under the close supervision and direction of an experienced notice clerk. Her work was invariably checked and her comparison of names and addresses on the Form *434 3877 to the envelopes was double checked by a different person. No errors were allowed on the Form 3877. She testified that no errors were ever found in her work as a notice clerk in the Houston Examination Division. The fact that three of the nine other taxpayers whose names appear on the Form 3877 for April 11, 1986, did not file petitions is not probative of a mistake in the mailing of the notices to such taxpayers, much less to petitioner. There is no evidence that any of the three taxpayers failed to receive a notice of deficiency, and there are many other reasons why a taxpayer would choose not to petition this Court. Changes in respondent's mail room procedures do not necessarily indicate that an error was made. The fact that the mail room clerk and the postal clerk did not check the names and addresses on the Form 3877 against the names and addresses on the envelopes containing the notices does not lead to the inference that petitioner's name or address was wrong. The names and addresses had already been checked and double-checked in the typing notices unit. We believe that the procedures followed by Messrs. Hoppe and Dunn, each of whom checked the certified mail *435 numbers, were sufficient to ensure correct and proper mailing of statutory notices. The fact that Ms. Roscoe's supervisors did not testify proves nothing. Ms. Roscoe was the person who actually prepared and mailed petitioner's notice of deficiency. Testimony from her supervisors was not necessary to explain and establish respondent's procedures under which notices of deficiency were mailed by respondent's Houston Examination Division in April, 1986. If petitioner deemed it necessary, he could have called the supervisors as witnesses. There is no evidence that petitioner attempted to do so. The present case is virtually indistinguishable from Barrash v. Commissioner, T.C. Memo. 1987-592, which also involved the taxpayers' claim that notices of deficiency mailed by the Houston Examination Division had not been received and were invalid. In that case, the Postal Service had no record of delivery nor was the notice of deficiency returned to the Commissioner as undeliverable or refused. In support of his motion to dismiss the petition as untimely, the Commissioner also relied on Form 3877 and evidence of his standard procedures for handling statutory notices. The *436 taxpayers in that case presented no evidence directly contradicting the testimony of witnesses who had participated in the routine preparation and mailing of the notices of deficiency, or the result of such procedures reflected on the Form 3877. Accordingly, we held that the Commissioner properly mailed the statutory notices pursuant to section 6212(a). In this case, petitioner has also failed to present any credible evidence that the mailing of statutory notices did not occur as indicated on the Form 3877. Accordingly, we find and hold that respondent mailed the notice to petitioner at his Houston address on April 11, 1986. Before turning to petitioner's second argument, we note that respondent urges us to draw a "bright line" for these cases by ruling that the introduction of Form 3877 creates an "irrebuttable presumption" that a notice of deficiency was mailed as stated on the form. Respondent seeks thereby to obviate the need of proving anew in each case the procedures for processing and mailing notices of deficiency. While we understand the burden placed on respondent, we reject any such bright line. The well-established principle is that Form 3877 is sufficient to establish *437 the mailing of statutory notices, in the absence of contrary evidence. United States v. Zolla, supra at 810; United States v. Ahrens, supra at 784; Cataldo v. Commissioner , supra.A taxpayer should not be foreclosed from introducing contrary evidence because, even though respondent's standard procedures may be designed to minimize the risk of error and to ensure proper handling and mailing of the statutory notices, the possibility of human error always exists and there can be extraordinary circumstances under which a bare Form 3877 is not sufficient to prove the mailing or even the existence of a statutory notice. See Pietanza v. Commissioner, supra.
Petitioner's alternative argument is that his petition is timely because he filed it within 90 days after actual receipt of the notice of deficiency by his attorney. Petitioner notes that he had absolutely no control over the mailing or delivery of the subject notice and argues that it would be unfair for the Court to punish him for not receiving it. He claims that the Postal Service must have mishandled it, and that, if anyone has to bear the *438 burden of such mishandling, it should be the Internal Revenue Service, a sister branch within the United States government, not him. As authority, petitioner relies on four cases, Estate of McKaig v. Commissioner51 T.C. 331 (1968); McPartlin v. Commissioner, 653 F.2d 1185 (7th Cir. 1981); Kennedy v. U.S., 403 F. Supp. 619 (W.D. Mich. 1975) affd. 556 F.2d 581 (6th Cir. 1977); Tangren v. Mihlbachler, 522 F. Supp. 701 (D. Colo. 1981). The facts of this case bear no similarity to the unusual facts presented in the cases cited by petitioner. In this case, as discussed above, respondent properly mailed a valid notice of deficiency on April 11, 1986. Under the statute, it is the mailing date of the notice of deficiency which starts the running of the 90-day period for filing a petition for redetermination in this Court. Section 6213(a). We are not at liberty to measure the 90-day period from a later date, such as when the taxpayer receives the notice, nor are we at liberty to extend the 90-day period or to consider a petition filed beyond that time. E.g., Axe v. Commissioner, 58 T.C. 256, 259 (1972). *439 Because the Commissioner mailed a valid statutory notice of deficiency on April 11, 1986, and petitioner failed to file a petition within 90 days thereafter, respondent's motion to dismiss must be granted and petitioner's motion to dismiss must be denied. To reflect the foregoing, An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code.↩
*. 50 percent of the interest due on the underpayment. **120 percent of the interest due on the underpayment.↩