**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 25, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDWARD D. ROBBINS,

      Plaintiff - Appellant,

v.

COUNTY OF BOULDER; CITY OF
BOULDER; CITY AND COUNTY OF
DENVER; STAN GARNETT; JOE
PELLE; BRUCE HAAS; MEGHAN
RING; KAREN FUKUTAKI; NELISSA
MILFIELD; TYRONE SANDOVAL; ED
TORRES; JEFFREY GOETZ;
COUNTY/STATE PUBLIC ENTITY #1;
JOHN/JANE DOE #1-9,

      Defendants - Appellees.

No. 14-1350
(D.C. No. 1:14-CV-01032-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

---

      Edward D. Robbins is incarcerated under the custody of the Colorado Department

of Corrections.  He filed a pro se complaint under 42 U.S.C. § 1983 for money damages

---

      [*]After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

and a motion to proceed *in forma pauperis* ("*ifp*") in the United States District Court for the District of Colorado. A magistrate judge ordered Mr. Robbins to cure deficiencies in both his complaint and his *ifp* motion. Mr. Robbins filed an amended complaint asserting 11 claims. The district court screened the complaint before service on the Defendants under 28 U.S.C. § 1915A(a) and dismissed it as legally frivolous under § 1915A(b)(1). It further determined any appeal from the order would not be taken in good faith, and denied Mr. Robbins's *ifp* motion under 28 U.S.C. § 1915(a)(3).

Mr. Robbins appeals the district court's decision and renews his *ifp* motion. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal of the complaint and deny Mr. Robbins's *ifp* motion.

## I. **STANDARD OF REVIEW AND LEGAL BACKGROUND**

Courts screen prisoner complaints seeking redress from a governmental entity or officers thereof under 28 U.S.C. § 1915A. A district court must dismiss the complaint before service if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

A frivolous complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Judges can dismiss a claim as frivolous "based on an indisputably meritless legal theory . . . [or on] factual contentions [that] are clearly baseless." *Id.* at 327. Thus, a frivolous complaint "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* at 325. "Examples of claims based on inarguable legal theories include those against which the defendants are

-2-

undeniably immune from suit and those alleging an infringement of a legal interest that clearly does not exist." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

To determine whether a complaint has failed to state a claim, "[w]e review the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Because Mr. Robbins is acting pro se, we liberally construe his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But "[t]he broad reading of the [pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts . . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110.

"[T]his court has not yet determined whether a dismissal pursuant to §1915A on the ground that the complaint is legally frivolous is reviewed *de novo* or for abuse of discretion." *Plunk v. Givens*, 234 F.3d 1128, 1130 (10th Cir. 2000). Because we would not reverse the district court's decision under either standard, we need not resolve that question. We review a dismissal for failure to state a claim de novo. *Davis*, 554 F.3d at 1256.

## II. DISCUSSION

In his amended complaint, Mr. Robbins presented 11 claims, each of which consisted of various sub-claims. The district court grouped the claims into the same 11

categories, analyzed each of them, and dismissed each of them as legally frivolous under 28 U.S.C. § 1915A(b)(1).

We have examined the amended complaint and affirm the district court. We agree Mr. Robbins's claims were properly dismissed based on substantially the same analysis as the district court provided. That analysis, however, supports dismissal of some of Mr. Robbins's sub-claims for failure to state a claim rather than frivolousness. In particular, we agree Claims 4 and 6-11 were properly dismissed as legally frivolous under § 1915A(b)(1). Certain sub-claims within Claims 1-3 and 5, however, are more appropriately dismissed for failure to state a claim.

In sub-claims encompassed within Claims 1-3, Mr. Robbins contended he was falsely arrested and imprisoned based on three different incidents. But Mr. Robbins did not plead sufficient facts to make these claims plausible. He also contended in Claim 2 that Denver police subjected him to excessive force. Again, Mr. Robbins failed to plead sufficient facts to make this claim plausible. Finally, several sub-claims in Claim 5 also should be dismissed for the failure to state a claim. We otherwise concur with the district court's analysis.

Failure to state a claim is a ground for dismissal under § 1915A(b)(1). And we may affirm the district court's dismissal on an alternative ground supported by the record. *United States v. Winningham*, 140 F.3d 1328, 1332 (10th Cir. 1998). We therefore affirm the district court's dismissal of all of Mr. Robbins's claims because they either were frivolous or failed to state a claim under § 1915A(b)(1).

### III. **CONCLUSION**

We affirm the district court's dismissal of Mr. Robbins's amended complaint under 28 U.S.C. § 1915A(b)(1), which constitutes one "strike" against Mr. Robbins under § 1915(g). *See* 28 U.S.C. § 1915(g); *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176-77 (10th Cir. 2011); *Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 778-81 (10th Cir. 1999). Because this appeal is also frivolous, we impose a second "strike" under § 1915(g). *See* 28 U.S.C. § 1915(g); *Hafed*, 635 F.3d at 1176-77; *Jennings*, 175 F.3d at 778-81. Finally, we deny Mr. Robbins's renewed application to proceed *in forma pauperis* and remind him that he remains obligated to pay the full filing fee.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge