FILED
United States Court of Appeals
Tenth Circuit

January 25, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

GARY FLUTE, SR.,

     Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA; MR. R.
HUSEBY, official & individual capacities;
MR. HUFNAGLE, official & individual
capacities; MR. D. TAYLOR, official &
individual capacities; MS. M. HOFFER,
official & individual capacities; MS.
DEBORAH DENHAM, official &
individual capacities,

     Defendants - Appellees.

No. 17-1401
(D.C. No. 1:17-CV-01717-LTB)
(D. Colo.)

_____

ORDER AND JUDGMENT[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se,[1] federal prisoner Gary Flute Sr. brought this action under

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388

_____

[*] After examining the appellant's brief and the appellate record, this panel has
determined unanimously that oral argument wouldn't materially assist in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
isn't binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App.
P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe Flute's pro se filings. But it's not our role to act as his
advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

(1971). After a magistrate judge identified various deficiencies in his initial complaint, Flute filed an amended one. The district court then screened Flute's amended complaint under 28 U.S.C. § 1915A(a) and sua sponte dismissed it as legally frivolous under § 1915A(b)(1).[2] Flute appeals.

We review a dismissal for frivolousness under 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion. *Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003). But it doesn't appear that we have yet resolved whether we review a dismissal for frivolousness under § 1915A(b)(1) under the same standard, or whether we instead exercise de novo review. *See Plunk v. Givens*, 234 F.3d 1128, 1130 (10th Cir. 2000); *Robbins v. Cty. of Boulder*, 592 F. App'x 710, 712 (10th Cir. 2014) (unpublished). We need not resolve that question here; for the reasons discussed below, Flute's arguments fail under either standard.

Flute first argues that the magistrate judge erred in denying his request for counsel. But Flute neither acknowledges that the district court denied his request as premature nor challenges that characterization on appeal. Thus, he has waived any challenge to that ruling. *See Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366

---

[2] The district court dismissed Flute's amended complaint—which alleges claims arising from a March 2015 incident report and subsequent disciplinary proceedings—on October 13, 2017. On the same day, the district court also dismissed Flute's amended complaint in a separate action, which alleged claims arising from an August 2015 prison-job reassignment. *See Flute v. United States*, No. 1:17-cv-01688-LTB, slip op. at 6 (D. Colo. Oct. 13, 2017). The district court resolved these cases in separate orders, *see id.*; *Flute v. United States*, No. 1:17-cv-01717-LTB (D. Colo. Oct. 13, 2017), and Flute has appealed from both. Although Flute raises many of the same arguments in both appeals, we follow the district court's lead and resolve the cases in separate orders issued on the same day. *See Flute v. United States*, No. 17-1397 (10th Cir. Jan. 25, 2018).

(10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong.").

True, Flute suggests that he later renewed his request for counsel when he asked for extension of time to file his amended complaint. But he fails to provide a precise record citation to support that assertion. *See* Fed. R. App. P. 28(a)(8)(A) (requiring argument section of appellant's opening brief to contain "appellant's contentions and the reasons for them, with citations to the . . . parts of the record on which the appellant relies"); 10th Cir. R. 28.2(C)(2) ("For each issue raised on appeal, all briefs must cite the precise reference in the record where the issue was raised and ruled on."). And our independent review of the record yields no such request. Instead, it appears that Flute merely cited the magistrate judge's initial refusal to appoint counsel as a reason he needed additional time to prepare his amended complaint. The magistrate judge apparently read Flute's request for an extension the same way we do; in denying Flute's motion, the magistrate judge didn't address whether Flute was entitled to the appointment of counsel at that point. Thus, we won't address this question either. *See Salt Lake Tribune Publ'g Co. v. Mgmt. Planning, Inc.*, 454 F.3d 1128, 1142 (10th Cir. 2006) (declining to address issue that district court didn't rule on, even though parties fully briefed it below).

Next, Flute argues that the district court's sua sponte decision to dismiss his complaint violates the rule that courts must confine themselves to "the role of neutral arbiter of [those] matters the parties present." *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). But *Greenlaw*'s actual holding—that an appellate court can't "alter

3

a judgment to benefit a nonappealing party," *id.* at 244—doesn't apply to, let alone preclude, the district court's actions here. On the contrary, the district court was required by statute to screen Flute's complaint and, if it determined that his claims were frivolous, to dismiss it. *See* § 1915A(a), (b)(1).[3] Thus, we reject this argument.

Finally, Flute asserts that the district court erred in overlooking his First Amendment claim. At the outset, we note that Flute fails to provide any record citations that might demonstrate he actually raised such a claim. We could decline to reach this argument on that basis alone. *See* Fed. R. App. P. 28(a)(8)(A); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (noting we routinely refuse to consider arguments that fail to meet Rule 28's requirements).

Alternatively, even if we exercised our discretion to consider this waived argument, we would reject it on the merits. Flute's amended complaint does repeatedly reference (albeit without any elaboration or explanation) the First Amendment. But to the extent Flute's naked references to the First Amendment were sufficient to put the district court on notice that he was raising one or more First Amendment claims, those claims were premised on the same events that formed the basis of what the district court instead construed as a due-process claim. And because those events transpired more than two years before Flute filed his complaint, the district court reasoned, any constitutional claims arising from them were time-barred.

---

[3] Flute appears to be operating under the impression that the district court dismissed his complaint under § 1915. But the district court instead dismissed his complaint under a separate statute: § 1915A. Thus, Flute's assertion that the district court erred in "dispos[ing] of [his complaint] within the [§ 1915] framework," Aplt. Br. 5, necessarily fails.

4

Flute makes no effort to challenge this ruling on appeal. Thus, he fails to demonstrate the alleged error prejudiced him. *See Shinseki v. Sanders*, 556 U.S. 396, 410 (2009) (explaining that "party seeking reversal normally must explain why the erroneous ruling caused harm"). Whether the district court construed his claims as arising under the Due Process Clause or the First Amendment is immaterial—either way, the district court found Flute's constitutional claims time-barred. And that ruling stands unchallenged on appeal. *See Reedy v. Werholtz*, 660 F.3d 1270, 1275 (10th Cir. 2011) ("The argument section of [appellants'] opening brief does not challenge the court's reasoning on this point. We therefore do not address the matter."). Accordingly, any error in failing to recognize that Flute was asserting one or more First Amendment claims was harmless. *See* 28 U.S.C. § 2111 (requiring us to disregard errors that "do not affect the substantial rights of the parties").

As a final matter, we must determine whether Flute may proceed in forma pauperis (IFP) on appeal. Section 1915(g) generally bars a prisoner from proceeding IFP if he or she has, on at least three "prior occasions," filed an action or appeal "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." And when Flute filed his notice of appeal in this case, he had at least two strikes for purposes of § 1915(g). *See Flute v. United States*, No. 1:17-cv-01688-LTB, slip op. at 6 (D. Colo. Oct. 13, 2017) (dismissing Flute's complaint as legally frivolous under § 1915A); *Flute v. Ruehling*, No. 08-cv-484-MJR, 2009 WL 728570, at *3 (S.D. Ill. Mar. 18, 2009) (dismissing Flute's complaint under § 1915A and assessing strike); *Hafed v. Fed. Bureau of Prisons*, 635 F.3d

5

1172, 1175 (10th Cir. 2011) (holding that dismissal under § 1915A "counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim").

Neither this court nor the Supreme Court has yet resolved whether the district court's order dismissing Flute's complaint in this action constitutes a third strike that would prohibit Flute from proceeding IFP in this appeal. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1765 (2015) (holding that prisoner who has accumulated at least three strikes generally can't proceed IFP "while his [or her] appeal of one such dismissal is pending," but declining to resolve whether prisoner can proceed IFP "with respect to an appeal from a *third* qualifying dismissal"). We decline to resolve that open question here. Even assuming we would answer it in a manner favorable to Flute, we would nevertheless deny his IFP motion because he fails to demonstrate "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Thus, we deny Flute's IFP motion, remind him that he must immediately pay any remaining filing fees, dismiss the appeal as frivolous under § 1915(e)(2)(B)(i), and note that Flute now has at least three strikes for purposes of § 1915(g). *See Hafed*, 635 F.3d at 1175; *cf. Jennings v. Natrona Cty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed [as frivolous], both dismissals count as

strikes."), *abrogated in part on other grounds by Coleman*, 135 S. Ct. 1759.

Entered for the Court

Nancy L. Moritz
Circuit Judge