**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GARY FLUTE, SR.,

      Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA; MRS. LOZANO, (first name unknown to plaintiff), official & individual capacities; MS. M. HOFFER, (first name unknown to plaintiff), official & individual capacities; MR. G. STAUT, (first name unknown to plaintiff), official & individual capacities; FCI-ENGLEWOOD; NORTH CENTRAL REGIONAL OFFICE OF ADMINISTRATIVE REMEDY COORDINATORS, (individuals unknown to plaintiff), official & individual capacities; MS. DEBORAH DENHAM, official & individual capacities; MS. SARA M. REVELL, official & individual capacities; MRS. LEYBA, (first name unknown to plaintiff), official & individual capacities

      Defendants - Appellees.

No. 17-1397
(D.C. No. 1:17-CV-01688-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

---

[*] After examining the appellant's brief and the appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se,[1] federal prisoner Gary Flute Sr. brought this civil action

under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403

U.S. 388 (1971). Flute initially alleged five claims against eight defendants. He then

filed an amended complaint—this time asserting 14 claims against the same eight

defendants—after a magistrate judge identified various deficiencies in his original

complaint. The district court screened Flute's amended complaint under 28 U.S.C.

§ 1915A(a) and dismissed it as frivolous under § 1915A(b)(1).[2] Flute appeals.

We review a dismissal for frivolousness under 28 U.S.C. § 1915(e)(2)(B)(i) for

an abuse of discretion. *Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003).

But it doesn't appear that we have resolved whether we review a dismissal for

frivolousness under § 1915A(b)(1) under the same standard, or whether we instead

exercise de novo review. *See Plunk v. Givens*, 234 F.3d 1128, 1130 (10th Cir. 2000);

*Robbins v. Cty. of Boulder*, 592 F. App'x 710, 712 (10th Cir. 2014) (unpublished).

_____

[1] We liberally construe Flute's pro se filings. But it's not our role to act as his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

[2] The district court dismissed Flute's amended complaint—which alleges claims arising from an August 2015 prison-job reassignment—on October 13, 2017. On the same day, the district court also dismissed Flute's amended complaint in a separate action, which alleged claims arising from a March 2015 incident report and subsequent disciplinary proceedings. *See Flute v. United States*, 1:17-CV-01717-LTB, slip. op. at 2, 6 (D. Colo. Oct. 13, 2017). The district court resolved these cases in separate orders, *see id.*; *Flute v. United States*, No. 1:17-cv-01688-LTB (D. Colo. Oct. 13, 2017), and Flute has appealed from both. Although Flute raises many of the same arguments in both appeals, we follow the district court's lead and resolve the cases in separate orders issued on the same day. *See Flute v. United States*, No. 17-1401 (10th Cir. Jan. 25, 2018).

We need not resolve that question here; for the reasons discussed below, Flute's arguments fail under either standard.

We turn first to two preliminary matters: Flute argues that the magistrate judge erred in (1) partially denying his motion for an extension of time to file his amended complaint and (2) refusing to appoint an attorney to represent him.

According to Flute, the magistrate judge erred by granting him a 30-day extension of time to file his amended complaint, as opposed to the 60-day extension that he requested. But even assuming this was error, Flute isn't entitled to relief unless he can show that the magistrate judge's ruling prejudiced him. *See* 28 U.S.C. § 2111 (requiring us to disregard errors that "do not affect the substantial rights of the parties"); *Shinseki v. Sanders*, 556 U.S. 396, 410 (2009) (explaining that "party seeking reversal normally must explain why the erroneous ruling caused harm").

Here, Flute alleges that "as a result" of the partial denial of his request for an extension of time, he "did not have enough time in which to prepare the instant complaint." Aplt. Br. 4. But Flute doesn't provide any specific information about what additions or revisions he might have made to his complaint if the magistrate judge had given him more time to do so. Nor does he explain how those changes would have warded off the district court's ultimate § 1915A(b)(1) dismissal. Accordingly, we find this argument inadequately briefed and decline to consider it. *See* Fed. R. App. P. 28(a)(8)(A) (requiring appellant's brief to include "appellant's contentions and the reasons for them"); *Bronson v. Swensen*, 500 F.3d 1099, 1104

3

(10th Cir. 2007) (noting we routinely refuse to consider arguments that fail to meet Rule 28's requirements).

For related reasons, we decline to address Flute's argument that the magistrate judge erred in denying Flute's motion to appoint counsel. The magistrate judge denied Flute's request as premature. And Flute makes no attempt to explain why that characterization was incorrect. Flute does suggest that he later renewed his request for counsel in his subsequent motion for an extension of time. But we see no explicit request for counsel there.[3] Neither, apparently, did the magistrate judge; his ruling on that motion addressed only Flute's request for an extension.

In sum, Flute provides neither (1) a basis for disturbing the magistrate judge's initial ruling denying his request for counsel as premature nor (2) a record citation establishing that this issue was subsequently "raised and ruled on." 10th Cir. R. 28.2(C)(2). Thus, we won't reverse on this basis. *See Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong."); *Salt Lake Tribune Publ'g Co. v. Mgmt. Planning, Inc.*, 454 F.3d 1128, 1142 (10th Cir. 2006) (declining to address issue that district court didn't rule on, even though parties fully briefed it below).

We turn next to Flute's challenges to the district court's order dismissing his complaint as frivolous. First, Flute generally asserts that the district court "incorrectly decide[d] the facts." Aplt. Br. 6. But Flute fails to identify any specific

---

[3] Instead, it appears that Flute cited his lack of counsel as one of the reasons he needed additional time to prepare and submit his amended complaint.

4

factual findings or explain why they are incorrect. And even assuming the district court made erroneous factual findings, Flute fails to explain how those findings affected its ultimate ruling. Accordingly, we treat this argument as waived and decline to consider it. *See Bronson*, 500 F.3d at 1104.

Second, Flute asserts that the district court erred in failing to provide him with "any proper USM-285 forms," Aplt. Br. 6, which are "used to request service of process," *Kiley v. Kurtz*, 533 F. Supp. 465, 467 (D. Colo. 1982). But Flute doesn't suggest he ever asked the district court to provide him with such forms. Nor does he explain how the district court's alleged failure to do so prejudiced him. And we don't see how it could have; the district court dismissed Flute's complaint because it determined that his claims are legally frivolous, not because Flute failed to adequately serve the defendants. Thus, any failure to provide the forms doesn't constitute a basis for reversal. *See* § 2111; *Sanders*, 556 U.S. at 410.

Third, Flute argues that the district court overlooked his claim that the defendants violated his constitutional rights by placing him "in Food Service when [he] already had a job assignment," Aplt. Br. 2, in violation of a Federal Bureau of Prisons policy. We disagree. The district court acknowledged that this job transfer formed the basis of Flute's claims and then proceeded to explain why the claims were nevertheless meritless. Thus, contrary to Flute's assertions, the district court did not overlook this potential basis for relief.

Fourth, Flute argues that by sua sponte dismissing his complaint, the district court improperly advocated for the defendants in violation of *Greenlaw v. United*

5

*States*, 554 U.S. 237 (2008). Specifically, he suggests the district court ran afoul of *Greenlaw*'s pronouncement that under "our adversary system," we "assign to courts the role of neutral arbiter of matters the parties present." *Id.* at 243. Here, Flute points out, the defendants didn't "present" any arguments at all. *Id.*

But *Greenlaw*'s actual holding—that "an appellate court may not alter a judgment to benefit a nonappealing party," *id.* at 244—didn't prohibit the district court from sua sponte dismissing Flute's complaint. In fact, the district court's actions weren't just permissible; they were mandatory. *See* § 1915A(a) (requiring court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity"); § 1915A(b)(1) (requiring court to dismiss if it determines "the complaint . . . is frivolous"). Accordingly, the district court's sua sponte decision to dismiss Flute's complaint is not, as he alleges, "violative of clearly established federal law under [*Greenlaw*]." Aplt. Br. 3.

Finally, Flute suggests that the district court erred in failing to recognize that he was asserting a First Amendment claim. We agree that Flute's amended complaint invokes the First Amendment. But we disagree that the district court failed to recognize as much; it construed Flute's First Amendment claim as a retaliation claim and then analyzed it under the three-part test we identified in *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). Because Flute neither suggests that the district court erred in construing his First Amendment claim as a retaliation claim nor cites any error in the district court's retaliation analysis, we decline to reverse on this

6

basis. *See Reedy v. Werholtz*, 660 F.3d 1270, 1275 (10th Cir. 2011) ("The argument section of [appellants'] opening brief does not challenge the court's reasoning on this point. We therefore do not address the matter.").

In short, Flute fails to establish that the district court erred in dismissing his complaint as frivolous. He also fails to demonstrate "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Accordingly, we deny his motion to proceed in forma pauperis, *see id.*, remind Flute that he must immediately pay any remaining filing fees, and dismiss this appeal as frivolous, *see* § 1915(e)(2)(B)(i). As a result, we note that Flute now has three strikes for purposes of § 1915(g). *See Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1175 (10th Cir. 2011) (holding that dismissal under § 1915A "counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim"); *Flute v. Ruehling*, No. 08-cv-484-MJR, 2009 WL 728570, at *1, 3 (S.D. Ill. Mar. 18, 2009) (dismissing Flute's complaint under § 1915A and assessing strike); *cf. Jennings v. Natrona Cty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed [as frivolous], both dismissals count as strikes."), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759 (2015).

Entered for the Court

Nancy L. Moritz
Circuit Judge

7